## LOVEJOY *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF NEBRASKA.

No. 34. Submitted October 18–23, 1888. — Decided November 5, 1888.

The act of June 30, 1879, c. 52, § 2, prescribing the mode of drawing jurors, does not repeal § 804 of the Revised Statutes, or touch the power of the court, whenever for any reason the panel of jurors previously summoned according to law is exhausted, to call in talesmen from the bystanders.

A court of the United States, in submitting a case to the jury, may at its discretion express its opinion upon the facts, and such an opinion is not reviewable on error, so long as no rule of law is incorrectly stated, and all matters of fact are ultimately submitted to the determination of the jury.

THE original action was brought by the United States against Howard S. Lovejoy, Thomas W. Means and others upon a bond, executed by Lovejoy as principal and by the other defendants as sureties, conditioned for his faithful discharge of the duties of receiver of public moneys for the district of lands subject to sale at Niobrara in the State of Nebraska.

The sureties, in their answer, denied their execution of the bond declared on, and its validity as against them. A general replication was filed.

When the case came on for trial, the clerk called into the box seven jurors, who were upon the regular panel of jurors for the term, and who, by reason of another jury, composed of jurors belonging upon that panel, being engaged in deliberating upon another case, and of some of the regular panel having been previously excused by the court, were the only ones of the regular panel who could be called to try this case; and thereupon the court, against the objection and exception of the defendants, ordered the marshal to call in from the qualified electors of the State additional persons to serve as jurors, without having been drawn by the clerk of the court and a jury commissioner. The marshal having called in such

persons accordingly, and both parties having exhausted their challenges, there were left in the box to try the case nine persons called in as aforesaid, and only three jurors of the regular panel; and ten of the twelve jurors in the box were residents of the city of Omaha, where the case was tried. The defendants challenged each of the jurors so called in, for the reason that they had not been drawn as provided by law, and excepted to the overruling of the challenge and to the ruling of the court directing them to be sworn to try the case.

Evidence having been introduced by both parties upon the question whether the signature of Means was genuine or forged, the court, of its own motion, instructed the jury as follows: " As to the signature of Thomas W. Means, I think you may have some difficulty in finding that it was a forgery. Of course, it is not my place to express an opinion, or say whether or not I think it is genuine. All I say is that you must examine the matter carefully and fully, and weigh all the testimony that bears upon the subject, and if you can say that his signature is a forgery it is for you to do so." " It seems to me, after you take these signatures and compare them fully, and examine all the testimony that seems to have any bearing on that question, that you cannot have much difficulty in coming to a correct conclusion." The defendants excepted to these instructions.

The jury returned a special verdict, finding, among other things, that the signature of Means, as well as those of all the other defendants, was genuine. The court rendered judgment on the verdict, and the defendants sued out this writ of error.

*Mr. John M. Thurston* for plaintiffs in error.

*Mr. Assistant Attorney General Maury* for defendants in error.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

The bill of exceptions presents two questions, neither of which requires extended discussion.

1. The act of June 30, 1879, c. 52, § 2, (21 Stat. 43,) which provides that (unless the judge orders the names of jurors to be drawn from the boxes used by the state authorities) all jurors, "including those summoned during the session of the court," shall be publicly drawn from a box containing not less than three hundred names, placed therein by the clerk and a commissioner appointed for the purpose — while it expressly repeals certain sections of the Revised Statutes, respecting the selection, qualifications and oath of jurors — does not touch the power of the court, whenever, at the time of forming a jury to try a particular case, the panel of jurors previously summoned according to law is found for any reason to have been exhausted, to call in talesmen from the bystanders to supply the deficiency; and does not, either expressly or by implication, repeal § 804 of the Revised Statutes, by which, "when, from challenges or otherwise, there is not a petit jury to determine any civil or criminal cause, the marshal or his deputy shall, by order of the court in which such defect of jurors happens, return jurymen from the bystanders sufficient to complete the panel." 3 Bl. Com. 364, 365; 4 Bl. Com. 354; *United States* v. *Rose*, 6 Fed. Rep. 136; *Clawson* v. *United States*, 114 U. S. 477, 487.

2. It is established by repeated decisions that a court of the United States, in submitting a case to the jury, may at its discretion express its opinion upon the facts, and that such an opinion is not reviewable on error, so long as no rule of law is incorrectly stated and all matters of fact are ultimately submitted to the determination of the jury. The charge of the Circuit Court in the present case was clearly within the rule. *Rucker* v. *Wheeler*, 127 U. S. 85, 93, and cases cited.

*Judgment affirmed.*