UNITED STATES v. MURPHY.

(District Court, D. Washington, N. D. December 14, 1898.)

CRIMINAL LAW—IMPORTING LIQUORS INTO ALASKA—JURISDICTION OF OFFENSE.
An indictment charging that the defendant exported intoxicating liquors from a port of the United States to a port of Alaska, and there landed the same, charges an offense under section 14 of the act providing a civil government for Alaska, which prohibits the importation of intoxicating liquors into the territory; and the exportation of such liquors with intent to import them into Alaska constitutes a part of the offense, which, having been begun in the United States and completed in Alaska, is cognizable in the courts of either jurisdiction, the act of congress creating the crime being a part of the supreme law of both.

On Demurrer to Indictment.

Wilson R. Gay, U. S. Atty., and Charles E. Claypool, Asst. U. S. Atty. James Hamilton Lewis, for defendant.

HANFORD, District Judge. This case has been argued and submitted upon a demurrer to an indictment charging that the defendant, on the 30th day of January, 1898, "at Ballard, in the county of King, in the district of Washington, and within the jurisdiction of this court, did then and there fraudulently, willfully, knowingly, unlawfully, and feloniously export and clandestinely take from a port of the United States, to wit, the port of Port Townsend, within the said district of Washington, to a port and place in the territory of Alaska, to wit, near the port of Skagway, and destined for the territory of Alaska, certain distilled spirits, to wit, whiskies, brandies, and wines, and then and there, to wit, on the 4th day of March, in the year of our Lord one thousand eight hundred and ninety-eight, landed and attempted to land said whiskies, brandies, and wines in said terri-

tory of Alaska; \* \* \* contrary to the regulations of the president of the United States, and contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States." By his demurrer the defendant disputes the jurisdiction of this court to try him for the acts alleged in the indictment, and on this point his attorney argues that section 1957, Rev. St. U. S., and the act of congress providing a civil government for Alaska (1 Supp. Rev. St. [2d Ed.] p. 430), specify the only courts in which violations of the laws and regulations prohibiting the introduction of distilled spirits and intoxicating liquors into Alaska, committed within the limits of said territory, shall be prosecuted, and this is not one of the courts so designated. In the view I have taken of this case, it is unnecessary to express an opinion upon the question as to whether an offense committed wholly within the limits of Alaska may be prosecuted in this court. I hold that, as the indictment lays the venue of the case in this district, and specifies acts committed by the defendant within this district, said acts are to be considered as material and essential to be proved to justify a conviction under the indictment; and the case is cognizable in this court for the reason that the indictment accuses the defendant of a crime committed within the territorial limits of the court's jurisdiction.

The next objection to the indictment is that the exporting of liquor to Alaska and the importation of it into Alaska is not made criminal or punishable by any statute, and that the acts of congress prescribing penalties for the introduction of liquor into Alaska contrary to regulations prescribed by the president are unconstitutional and void, for the reason that the making of the regulations specifying acts which may be punishable as crimes is the exercise of legislative power, which cannot be delegated to the executive; and in support of his contention the attorney for the defendant has cited the case of U. S. v. Eaton, 144 U. S. 677, 12 Sup. Ct. 764. This objection may be answered in two ways: In the first place, it has long been an established political and legal principle that the constitution does not impose restrictions as to the style of government which congress may provide for the territories. U. S. v. Nelson, 29 Fed. 202; Endleman v. U. S., 30 C. C. A. 186, 86 Fed. 456. And, in the second place, it is expressly provided in the fourteenth section of the act providing a civil government for Alaska that "the importation, manufacture and sale of intoxicating liquors in said district except for medicinal, mechanical and scientific purposes is hereby prohibited under the penalties which are provided in section nineteen hundred and fifty-five of the Revised Statutes for the wrongful importation of distilled spirits." So that we have a statute which prohibits the importation of liquors into Alaska, and prescribes the penalties for violation of this prohibitory law independent of any regulations to be prescribed by the president; and the indictment charges that the acts of the defendant were contrary to the statute in such case made and provided, as well as contrary to regulations of the president.

It is further contended that the acts of the defendant in exporting and shipping the liquor from Port Townsend to Alaska, which are the only particular acts which, by the reading of the indictment, appear

to have been committed within this state, are not criminal, and there- fore the indictment does not charge a crime committed within the jurisdiction of this court; or, if the mere exportation of liquor to Alaska constitutes a complete crime, then the indictment is bad for duplicity, as it accuses the defendant of the offense of exporting liquor to Alaska and the additional offense of importing liquor into Alaska, all in one count. It is true that section 1955, Rev. St., does not of itself prohibit the exportation of liquors to Alaska, but confers upon the president power to restrict and regulate or to prohibit such "exportation of the same from any other port or place in the United States, when destined to any port or place in that territory"; and, so far as I am advised, the president did not, prior to June 24, 1898, attempt to make any regulation prohibiting the exportation of liquors from any place in the United States to Alaska, and, in my opinion, it must be conceded that the indictment does not allege the commission of acts wholly within this state, which of themselves constitute an offense punishable under the laws of the United States at the date which this indictment specifies as the time of the commission of the offense. But it is my opinion that the indictment charges but one offense, and that all of the acts alleged as to exporting to Alaska and importing into Alaska are essential to be proved as continuing acts constituting an offense commenced in the district of Washington and consummated in Alaska. The gravamen of the offense is in the introduction of distilled spirits into Alaska, because the purpose of the law is to prohibit the introduction of intoxicating liquors into that district; but the procuring and shipping of the liquors with the unlawful intent to introduce the same into Alaska is part of the specification of the transaction constituting the crime charged. Offenses consisting of continuing acts committed in separate jurisdictions are cognizable in either jurisdiction within which an overt act has been committed. 1 Whart. Cr. Law (9th Ed.) § 288. This rule, perhaps, could not be applied in cases of prosecutions for violations of local statutes not in force within the jurisdiction of the court before which the offender is arraigned, but I hold it to be a just rule to be applied in this case, because the offense is made criminal by an act of congress, which is part of the supreme law of the land, and binding upon all citizens and inhabitants of all the states, as well as upon inhabitants, sojourners, and travelers in Alaska. I hold that every act of a person who attempts to carry on the liquor traffic in Alaska, whether committed within the United States or in Alaska, which is a link in a connected chain of acts constituting a completed offense under the law prohibiting the introduction of intoxicating liquors into Alaska, is a criminal act at the place where committed, and the offender may be prosecuted for the completed crime in the district where either of such connected acts may have been committed. Demurrer overruled.