JOSEPH SCHNEIDER, Plaintiff in Error, v. T. J. CHEW et al., Defendants in Error.

Springfield Court of Appeals, June 12, 1911. ·

1. JURY: Peremptory Challenge: Serving on Regular Panel Twice Within Twelve Months: Talesmen.  The provisions of section 7268, Revised Statutes 1909, to the effect that no person shall be summoned as a standing juror twice within the period of one year in any court of record, does not relate to talesmen, and it is no ground for a peremptory challenge that talesmen selected by the sheriff from the bystanders had served on a regular jury within twelve months.

2. ———: ———: ———: ———.  In a trial in the circuit court, plaintiff objected to the panel submitted for him to make his challenges from, for the reason that four or five of the men, who composed the said panel, had served on the regular jury in the circuit court within twelve months; but so far as the records disclosed upon appeal, said jurors may have been mere talesmen summoned from the bystanders and it did not appear that they were members of a standing jury.  Held, that plaintiff had shown no ground for peremptorily challenging such jurors.

3. ———: Exhausted Panel: Talesmen.  The statutes prescribing the mode for drawing regular jurors does not effect the power, when a panel has been exhausted, to call in talesmen.

4. ———: Bystanders: Talesmen.  The word "bystanders" in legal language, when referring to jurors, means talesmen.

5. ———: Peremptory Challenge: Service on Regular Panel Within Twelve Months.  In those counties governed by Section 7268, relating to the selection of jurors, it is not made a ground for a peremptory challenge, that the juror had served on a regular panel within twelve months.

6. ———: Manner of Selection: Statutes Directory.  It has been held in this state that the statutes relating to the manner of selecting a jury are directory.

7. **CONTRACTS: Subsequent Modification of Written Contract: Sufficiency of Evidence.** In an action on an account for balance due for the rent of a pump, under a written contract, the defendants introduced evidence tending to show that the written contract had been modified by a subsequent parol agreement. The evidence is examined and *held* sufficient to require the court to submit the question of modification of the written contract to the jury.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

Affirmed.

*Horace Merritt* for plaintiff in error.

(1) On the first assignment of error plaintiff cites the statute section 7268, R. S. 1909, which provides "that no person shall be summoned as such standing juror twice within the period of one year in any court of record. Williamson v. Transit Co., 202 Mo. 368; People v. Thacker, 108 Mich. 652; Brooks v. Jennings County, 73 N. E. (Ind.) 951. (2) The second instruction on page 45 of record given at instance of defendants was error because there was no evidence to support it, and no evidence of any consideration to the plaintiff for abrogating his written contract and entering into a verbal contract, and therefore court erred in giving this instruction. 9 Ency. of Evidence, 358; Oil Co. v. Perry, 4 S. W. 635, 85 Ala. 158; Davis v. Stout, 126 Ind. 12. (3) There is no evidence of any contract or promise, so Schneider had no recourse on Chew, and in such case there was no abrogation of original contract, because no consideration for a new one. Eaton v. Coal Co., 125 Mo. App. 194.

*Waldin & Andrews* for defendant in error.

GRAY, J.—On the 16th day of February, 1910, the plaintiff filed his statement before a justice of the peace in Jasper county, wherein he claimed the defendants

were indebted to him in the sum of $105 for the rent of a pump, from the 1st day of October, 1909, to the 21st day of February, 1910. The defendants appeared and the issues were determined in their favor and the cause was appealed to the circuit court. On trial in the circuit court before a jury, April 29, 1910, the defendants were again successful, and plaintiff appealed to this court. The appeal was dismissed at the October term, 1910. On the 11th day of March, 1911, plaintiff sued out a writ of error from this court.

When the list of jurors was submitted to plaintiff, the record shows he made the following objection: "Plaintiff objects to the panel submitted for him to make his challenges from for the reason that four or five of the men who compose the said panel have stated that they have been summoned and served on the regular jury in the Circuit Court of this county within the last twelve months (naming five of said jurors) and the reason for the objection is that the statutes as amended in session acts of 1901 provide that no person shall be summoned to serve upon the standing or regular jury more than once in twelve months or in more than one term of court in twelve months." The court overruled the objection and an exception was saved.

By reference to the session acts of 1901 (now section 7268 R. S. 1909) it will be seen there are two ways provided to secure a standing petit jury. The first, by the county clerk in the presence of the court, and the second, in case of a failure of the county court to select such jury, the sheriff of the county shall summon petit jurors from the several townships, according to their respective populations, as the case may be, and not less than ten days before the first day of the term of court for which such jurors are summoned. The section further provides that the sheriff, when ordered by the court demanding the jury, shall summon petit jurors during such term from the bystanders. And then follows the provision: "that no person shall be summoned as such

standing juror twice within the period of one year in any court of record."

Without passing. on the question whether a juror who has served on a regular panel within twelve months, can be challenged by a litigant when serving as a regular member of a standing jury within twelve months thereafter, it is sufficient for the purposes of this case to say that the record does not show that the jurors challenged were members of the regular standing jury at the time the challenges were made.  In our judgment, the clause of the statute providing that the sheriff shall summon petit jurors during the term, when ordered by the court, from the bystanders, relates to talesmen, and that the last proviso of the section that no person shall be summoned as such standing juror, does not relate to talesmen.  The proviso states that no person shall be summoned as such standing juror twice.  So far as the record discloses, the challenged jurors may have been summoned from the bystanders, and were not members of the standing jury, but were mere talesmen.

It is the common practice, when from challenges or otherwise, there is not a petit jury to determine a cause, for the sheriff or his deputy, by order of the court, to select from the bystanders sufficient jurors to complete the panel.  And the statute prescribing the mode of drawing regular jurors, does not effect the power when a panel has become exhausted, to call in talesmen. [Lovejoy v. United States, 128 U. S. 173; Clawson v. United States, 114 U. S. 487.]

The word "bystanders," in legal language, means talesmen.  [Anderson's Law Dictionary, 142.]

In counties having 100,000 inhabitants and not more than 175,000 inhabitants, and in counties containing cities of 50,000 and less than 300,000, and in certain other cities, it is provided by statute that it is grounds for challenge that a juror has become disqualified on account of previous service during the year.  But the law applicable to Jasper county is found in section 7268, and

it is not made a ground for challenge therein that the juror has served on a regular panel within twelve months. The fact that our statutes have been recently revised and this section not changed, shows it was not the intention of the legislature to make the matter a subject of challenge.

It is held in this state that the statutes relating to the manner of selecting a jury are directory. [State v. Griffin, 87 Mo. 608.] In any event, we do not believe that it is ground for peremptory challenge under the law governing such counties that the jurors had served on a regular jury within twelve months.

The other assignment of error relates to the action of the court in submitting the defense to the jury. Plaintiff introduced a written contract, of date July 21, 1909, by the terms of which the defendants leased from him a pump and agreed to pay therefor the sum of $22.50 per month in advance until the property was returned to the plaintiff. The contract further provided that if the rent was paid on the day it was due, a discount of $5 per month should be allowed. The defendants paid the first two months' rent, and on the 16th of October, the further sum of $6.

The defense was that the written contract had been modified by a subsequent parol agreement. The defendants claimed that while the pump was in their possession under the terms of the written contract, they gave an option to certain persons to purchase the mine in which the pump was being used, and including the mining machinery used in the mine; that the persons to whom the option was given requested the right to cease mining operations for a period of ninety days, and further asked that during that time, the pump be permitted to remain in the mine, as the mine would sell more readily with the pump in the ground as a part of the mining plant; that the defendant, Chew, went to see the plaintiff and told him of the option arrangement, and asked for a price on the pump, which plaintiff was to receive in case of a

sale, and that it was agreed that plaintiff was to have $140 for his pump in case of a sale, and during the option period the pump was to remain in the ground.

In support of this defense, Mr. Chew testified that on or about the 27th of September, and at a time when $6 was due on the pump, he had a conversation with plaintiff, and in his testimony relating to that conversation, we find the following: "I still owed him $6 up until the option paper. I showed him the option paper and the parties I gave a contract to wanted 90 days lay off and I told Schneider about it and the parties told me they would like to have the pump stay in the shaft. They wanted the pump to stay there and if he wanted to sell the pump they wouldn't like to have it taken out, it made it look bad. And Mr. Schneider says, 'All right, I will sell the pump.' I says, 'Give me your figures on it so if they take it; otherwise I can bring the pump in.' He said he wanted $140 for the pump and gave me the figures so I could give them to those people. I told him I bought Harris and Johnson out." The witness also testified: "Q. At the time that you showed him this option you told him as I understand you would deliver him the pump if he wanted it? A. Yes, I told him so twice. He said: 'Leave the pump there.'" The witness further testified that he paid the $6 on the 16th of October, and that no demand was afterwards made on him for any rent for the pump.

This testimony was sufficient to require the court to submit the question of the modification of the written contract to the jury. It is true the plaintiff denied much of the testimony of the defendant, but the credibility of the witnesses was for the trial court. [Trout v. Laclede Gas Light Co., 132 S. W. 58; Vaughn v. Lemp Brewing Co., 132 S. W. 293.]

Judgment affirmed. All concur.