### GROSS v. UNITED STATES.

(Circuit Court of Appeals. Seventh Circuit. March 30, 1920.)

No. 2703.

1. **Criminal law ☞655(5)—Remarks of judge as to counsel's argument held not error.**

   A remark by the judge to counsel for defendant, when he was making his argument to the jury, that it was unfair to attack a witness for the government on the ground that he was a bootlegger, when according to defendant's own testimony witness delivered the liquor as his agent, *held* not error.

2. **Criminal law ☞1137(3), 1172(7)—Reference to witness in instructions not prejudicial error.**

   A reference in instructions to a witness for the government as "This lowly creature, who is not to be believed," *held* not prejudicial error, since, if such characterization was that of defendant's counsel, he invited the error, and if that of the court, it might be to defendant's advantage.

In Error to the District Court of the United States for the District of Indiana.

Criminal prosecution by the United States against Edward A. Gross. Judgment of conviction, and defendant brings error. Affirmed.

Plaintiff in error Gross and one Dennis were indicted for causing the transportation of intoxicating liquor from Illinois into Indiana in violation of the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8739a, 10387a–10387c). Dennis pleaded guilty, and became "the principal witness for the government" at the trial of Gross, who was found guilty and was sentenced. Two assignments of error are presented. One relates to a statement of the court to counsel for Gross in the presence and hearing of the jury, and the other to an expression of the court in the instructions.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The bill of exceptions shows nothing of the evidence in support of the indictment, either by a condensed statement of the testimony of the witnesses or by a recital of facts which the evidence tended to prove, and contains merely the setting of the two alleged errors:

(1) "At the close of the district attorney's statement, Mr. Dailey, counsel for the defendant, made his statement to the jury for the defendant, and in said statement did not confine himself to a statement of the defendant's defense, or the facts which he expected to prove, but launched forth in a fierce attack upon the principal witness for the government, Mate Dennis, charging him to be a person who was unworthy of belief, and giving as one of the reasons therefor that he had been in the habit of peddling liquor about the town of Gary, delivering it from house to house, and person to person, illegally and in defiance of the law; that upon the trial of the cause the defendant took the witness stand in his own behalf and himself testified that he was a saloon keeper in the city of Gary, and that Dennis had delivered liquor from house to house in the city of Gary for him, and his bartender, one Pouk, also testified that Dennis delivered liquor from the saloon of the defendant from house to house in the city of Gary for the defendant; that said evidence of Gross and Pouk was the only evidence of any sales of liquor by the witness Dennis; and at the close of the evidence, after the government's counsel had made his opening argument to the jury, Mr. Dailey, in his argument to the jury for the defendant, insisted that Dennis was not worthy of belief, and gave as one of the reasons therefor that he was a bootlegger; that the only evidence in the case upon which such charge could be made was the said evidence of the defendant Gross and his witness, Pouk; and thereupon the court remarked to Mr. Dailey: 'It is unfair to attack the witness Dennis, witness for the government, on the ground that he is a bootlegger, when according to the client's own testimony, he delivered liquor for him.' Whereupon Mr. Dailey said: 'I want to take an exception on behalf of Mr. Gross to the remarks of the court.'"

(2) "There is but one charge here, and but one defendant on trial. One of the defendants has pleaded guilty. They are both charged with having caused the transportation of liquor from Illinois into Indiana, giving the time and the place. One of the defendants, Dennis, has pleaded guilty and has become a witness for the government. The other defendant has pleaded not guilty, and the only question for you to decide is whether or not the defendant Gross is guilty. As Mr. Dailey said to you in his discussion, there is no question that liquor was brought into Indiana unlawfully. The only question is whether or not Gross was connected with it. As I have said to you, the defendant Gross is entitled to the ordinary presumptions and rules of law that are applicable to any other defendant on trial. He is presumed to be innocent until the government proves him guilty by evidence sufficient to convince you of his guilt beyond all reasonable doubt. * * *

"When a defendant is charged with a crime and avails himself of the privilege of testifying, as he may under the law, the interest that he has in the result of the suit should be taken into consideration by you in determining how far, if at all, his testimony is to be believed. That is true, also, with reference to a defendant who has pleaded guilty. What interest has he in the result of this case?

"Now, let us look at this just a minute. Let us look the field over, and see just what are the proper inferences to be drawn from this, if we can. It is for you to determine, gentlemen of the jury, and not for me; and what I may say about the evidence in the case, and what has been testified to, and what has been proved, or what deductions should be drawn from it—whatever I say is simply to enlighten your judgment and aid you in coming to a right conclusion, and not to bind your judgment. You have a right to disregard what I say as to facts in the case. You are only bound by what I say as to the law.

"Let us look at this a moment. Mr. Dailey said, when liquor was brought into Indiana, a crime was committed. We will start with that. Then we have this question: Did Dennis do it for himself, or did he do it for the defendant Gross? And when you come to consider that question, then the

bills—the transaction as it was carried out—the bills being made out to this defendant Gross at Gary, Ind.; the written orders which he gave to Dennis to enable him to get the liquor; the card which has been introduced in evidence; the piece of paper which has been testified about; the circumstances that Gross himself testifies to, ordering in advance the particular kind of liquor, and paying for it with his own personal check, and that thereafter, somewhere on the road, I believe it was, this lowly creature, that is not to be believed, pulled out of his pocket $179 in money and paid him—these are things that you should consider in determining where the truth as to this is; and it is for you to decide; not me. The responsibility is on you; not on me. But you should apply to the decision of a question like this your ordinary experience as men and the ordinary way in which business is done.

" 'Now, let us look a little bit farther. As I understand the defendant's contention—and it must be one way or the other, I think; I may be wrong about it; you should decide—as I understand the defendant's contention, it is that he secured this liquor for Dennis; secured it for him over in Illinois; yet, as I remember the evidence, Dennis lived in Gary, Ind.; his family was there, and he did his business there. It is for you to decide whether or not, under the circumstances, this defendant would have gone to the pains and the trouble to order this liquor, to pay for it, to go to Chicago and meet this drayman to get it—all in order that the drayman might sell it; where? Had he any place to sell it in Chicago? Those are things you should take into consideration, and after you have deliberated upon this case, and given the defendant the benefit of the presumption of innocence and of reasonable doubt, as has been stated to you, it is for you to determine where the truth is.'

"That at the close of said instructions, while the jury was still at the bar, Mr. Dailey made the following statement:

" 'The defendant wants to object and except to the court's remarks, not as a summary of the facts, but an argument from the facts, when the court said that this lowly creature, unworthy of belief, pulled out $179,' etc.

"Whereupon the court said:

" 'Upon your objection, I will amend that by withdrawing it. Gentlemen of the jury, what I said to you about the facts, or any inference I might draw from them, you are not bound by it. It is exclusively your province to determine that.' "

Henry W. Freeman, of Chicago, Ill., for plaintiff in error.

L. Ert Slack, of Indianapolis, Ind., for the United States.

Before BAKER, EVANS, and PAGE, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). [1] One of the duties of a trial court is to protect parties and witnesses from abuse not warranted by the facts in evidence. Counsel was asking the jury to credit Gross and discredit Dennis, because the latter was a bootlegger. But inasmuch as Dennis's only bootlegging was shown by Gross to have been done as the servant of Gross, it was not improper for the court to call counsel's attention to the fact that he could not fairly attack Dennis without including Gross in the same denunciation.

[2] If for the characterization "this lowly creature, that is not to be believed," the name of the witness Dennis be substituted, we can only assume, in the absence of the evidence, that the judge gave the jury a fair and accurate summation of the evidence and of the contentions of the parties therefrom. In federal practice this has always been recognized as commendable. Indeed, the judge may go beyond a "summing up," and may "express his opinion upon the facts,"

provided only that he clearly admonishes the jurors that the ultimate determination of the facts is their exclusive province. Lovejoy v. United States, 128 U. S. 171, 9 Sup. Ct. 57, 32 L. Ed. 389; Vicksburg & M. R. Co. v. Putnam, 118 U. S. 545, 7 Sup. Ct. 1, 30 L. Ed. 257. This admonition was given repeatedly in the present case.

If the expression "this lowly creature, that is not to be believed," was the judge's own portrayal of Dennis to the jury, it might be to Gross's advantage rather than his detriment. If it was a quotation from Gross's counsel's picture of Dennis, as we might well infer from the context, then counsel is responsible for the appearance of that term in the case. In either view, the expression was withdrawn, and the jury admonished to pay no attention to it. Under the statute (volume 40, pt. 1, U. S. Stat. p. 1181 [Comp. St. Ann. Supp. 1919, § 1246]) we are unable to say that the record affirmatively discloses prejudicial error.

The judgment is affirmed.