## FRYER v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. March 8, 1926.)

No. 3634.

1. **Criminal law** ☞991(1)—**Judgment sentencing defendant to prison for two years on each of eight counts, terms to be cumulative until defendant has been imprisoned for ten years, held not void for uncertainty.**

Judgment sentencing defendant to prison for two years on each of eight counts, terms of imprisonment to be cumulative until defendant has been imprisoned for full period of ten years, *held* not void for uncertainty, as in absence of ten-year limitation, it pronounced definite and certain term of sixteen years, and with such limitation it pronounced ten-year term.

2. **Criminal law** ☞656(9)—**Expressions of opinion by trial court on ultimate issues is not to be commended in ordinary cases, even when accompanied by clear and positive statement that jury are sole judges of facts.**

Though expression of court's opinion on ultimate facts determinative of guilt or innocence, as distinguished from comment on evidence, may at times be justified, and even called for, practice is not to be commended in ordinary cases, even when accompanied by clear and positive statement that jury are sole judges of facts.

3. **Criminal law** ☞656(9)—**Trial court's expression of opinion that government had proved scheme to defraud by use of mails held not error, where evidence of guilt was clear.**

Trial court's expression of opinion that government had proved scheme to defraud by use of mails, accompanied by statement that jurors were sole judges of facts, *held* not error, where evidence of defendant's guilt was clear.

In Error to the District Court of the United States for the District of Indiana.

Glenn D. Fryer was convicted of a crime, and he brings error. Affirmed.

Anthony P. Nugent, of Kansas City, Mo., for plaintiff.

Alexander G. Cavins, of Indianapolis, Ind., and Albert Ward, of Peru, Ind., for defendant.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiff in error has presented numerous assignments upon which he predicates his request for a reversal. Unfortunately, most of his questions are moot, for want of a proper record to justify their consideration. We have searched in vain for any support for several of the errors assigned. As to others, we have assumed the existence of a record that would permit of their presentation, only to find the assignments of error untenable. [1] It is contended that the judgment is void for uncertainty. The force of the argument in support thereof we are unable to appreciate. Plaintiff in error was sentenced to be imprisoned, "on each of the first, third, fourth, sixth, seventh, eighth, ninth, and tenth counts, * * * for the term of two (2) years; * * * that the said several terms of imprisonment shall be cumulative until the said defendant * * * shall have been imprisoned * * * for the full period of ten (10) years." In the absence of the ten-year limitation, the sentence was definite and certain, and pronounced a sixteen-year term of imprisonment. United States v. James Daugherty, 46 S. Ct. 156,

70 L. Ed. ——, decided by the Supreme Court, January 4, 1926. With the limitations on the cumulative sentence clause, it is equally clear that a ten-year sentence was pronounced.

The indictment is attacked, though it went unchallenged through the District Court. In making the assault, counsel for plaintiff in error says: "The court will note that we are approaching this issue in a very peculiar manner; that is, without the citation of any authorities to support our contention. We are asking this court to look at the sufficiency of the indictment in the case at bar, and examine it standing alone." We have "looked," and the indictment still "stands."

The charge is attacked because the court expressed its opinion respecting certain issues. In support of the criticism, which is not sustained by an assignment of error, counsel said: "We have no authorities to cite on this proposition, because, as before stated, all of the authorities examined give federal judges wide latitude in the expressions of opinion." We select a few of the many authorities cited by the government to support this statement. Simmons v. United States, 12 S. Ct. 171, 142 U. S. 148, 35 L. Ed. 968; Lovejoy v. United States, 9 S. Ct. 57, 128 U. S. 171, 32 L. Ed. 389; Rucker v. Wheeler, 8 S. Ct. 1142, 127 U. S. 85, 32 L. Ed. 102; Gross v. United States (C. C. A.) 265 F. 606.

At various places in the charge the court instructed the jury respecting the province of the jury. For example, he said:

"You, gentlemen, are the judges of the facts, and any opinion given to you by the court, upon the evidence, or upon any phase of the case, or upon the guilt or innocence of the defendant, should not be considered by you as evidence in the case. * * * Defendant has entered a plea of not guilty. That casts upon the government the burden of proving his guilt beyond a reasonable doubt, before you can convict him. * * *

"You, gentlemen, are the sole judges of the facts in this case, and the credibility of the witnesses. * * *

"While you, gentlemen, are the judges of the facts in this case, it is my opinion that the government has proven a scheme in this case to defraud, as alleged in the indictment, and that the United States mail was used to carry out this scheme to defraud. * * *

"That, however, is simply the opinion of the court, and is not to be considered by you as evidence in this case, at all, as you, gentlemen, are the ones who are to pass upon that question. * * *

"You will understand, gentlemen of the jury, that you are the sole judges of the facts, and that is simply the opinion of the court, and no part of the evidence in this case, and as such it is given to the jury."

[2] Just when and under what circumstances the District Judge should express his opinion on any issue, or upon the evidence, or upon any phase of the case, cannot well be defined with precision. Comment upon the evidence, we think, is to be distinguished from expressing an opinion upon the ultimate issues determinative of the guilt or innocence. No doubt there are times when a case justifies, even calls for, such expressions of opinion. But the practice of thus expressing an opinion in the ordinary cases is not to be commended, even when accompanied by a clear and a positive statement to the effect that the members of the jury are the sole judges of the facts.

[3] The evidence left no room for doubt as to the existence of a scheme to defraud. The scheme was to sell outfits of materials by which women in their homes could paint pillow tops and lamp shades, which in turn were to be repurchased, provided they were acceptable. The transaction was pictured as one where the purchaser of the goods would derive a substantial compensation for her time and efforts, when it was well known to the defendant that the decorations would not and could not be made satisfactorily. The evidence further showed that defendant received 300,000 inquiries in response to his advertisements; that he collected a total of $185,281.10 for material sold; that he accepted completed works only to the amount of $12,867.47. In other words, Fryer sold goods on the promise to repurchase, well knowing that he would not repurchase, and the profits incident to the sale of the raw materials were grossly excessive.

While the record might have been more satisfactory if the trial judge's expressions of opinion were eliminated, we cannot say that this was not a proper case for the court to express its opinion respecting the testimony which related to this scheme to defraud.

The judgment is affirmed.