**UNITED STATES of America, Plaintiff and Appellee,**

v.

**Margarita JACOBO-GIL, Defendant and Appellant.**

**No. 72-2976.**

United States Court of Appeals, Ninth Circuit.

Feb. 13, 1973.

**1214**

George Benedict, of Herman & Benedict, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Stephen W. Peterson, Stephen G. Nelson, Douglas G. Hendricks, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before CHAMBERS and TRASK, Circuit Judges, and BYRNE, Sr.,* District Judge.

WILLIAM M. BYRNE, Sr., District Judge:

Jacobo-Gil appeals from her conviction by jury of one count of conspiring to violate the immigration laws of the United States and five counts of illegally transporting aliens within the United States. The conspiracy count charged a violation of both 18 U.S.C. § 371 and 8 U.S.C. § 1324. Each of the transportation counts charged a separate violation of 8 U.S.C. § 1324(a)(2).

Appellant contends that the evidence produced at her trial was insufficient to support the jury's verdict of guilty on the conspiracy count.

In determining the merits of this contention, we are required to view the evidence in the manner most favorable to the jury's verdict and uphold that verdict if substantial evidence exists to support it. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Callahan, 445 F.2d 552, 554 (C.A.9, 1971); Henderson v. United States, 143 F.2d 681, 682 (C.A.9, 1944).

A reading of the transcript of appellant's trial reveals ample evidence which, if believed, could have formed the basis for the jury's verdict óf guilty on the

---

* Honorable William M. Byrne, Sr., United States Senior District Judge, Central District of California, sitting by designation.

conspiracy count. The evidence includes the testimony of five women aliens who were apprehended by border patrol agents while being transported within the United States in a car driven by the appellant; the testimony of a border patrol agent who interviewed the appellant shortly after her arrest; and appellant's own testimony.

Four of the five women aliens testified at some length about the circumstances leading to their apprehension. Each of them stated that she had arranged to illegally enter this country with a man in Tijuana who charged $300 and promised transportation to Los Angeles. Each of them also described how she had crossed the border with false immigration documents and been driven to an unknown house in San Ysidro, California, where the man had told her to wait. Three of the four unequivocally testified that she had been instructed by the man that, in the event that she was arrested while en route to her destination, she was to tell the authorities that she had been picked up "at a gas station." They further testified that, after waiting a short time at the house with the fifth woman alien, the appellant picked up all five of them and transported them toward Los Angeles until they were apprehended. It is noted that none of the alien women testified that the appellant picked them up at a gas station. Instead, two of the women explicitly testified that the appellant had driven up to the front of the unknown house, stopped her car, and motioned for them to get in.

One of the border patrol agents who testified stated that, shortly after the arrest of the appellant, she told him that she had picked up the aliens "at a gas station" in San Ysidro after they had approached her and asked for a ride to Los Angeles. In addition, the appellant took the witness stand in her own defense and testified, in part, that she had picked up the aliens "at a gas station" rather than "at a house" and was transporting them to Los Angeles when she approached the immigration check point,

and realizing it was in operation, reversed her direction of travel and was apprehended by border patrol agents.

■■ Although there was only circumstantial evidence that the charged conspiracy was formed and the appellant wilfully became a member of it, it is well-established that those elements may be proved by such evidence. E. g., Delli Paoli v. United States, 352 U.S. 232, 236, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957); Blumenthal v. United States, 332 U.S. 539, 557, 68 S.Ct. 248, 92 L.Ed. 154 (1947); Glasser v. United States, *supra*. In addition, if the jury did in fact base its verdict upon the above-mentioned evidence, it could hardly have failed to find that the appellant's transporting of the aliens was an overt act in furtherance of the conspiracy. Therefore, after reviewing the evidence in the required manner, we conclude that it was substantial and that the appellant's contention is without merit.

■ Appellant further contends that, after the close of the evidence, the trial judge made two statements to the jury which constitute prejudicial error. Since her attorney objected to those statements, they are properly before us on this appeal. The first statement was as follows:

"I suggest to you, ladies and gentlemen, in the consideration of the evidence in the case that the credibility of the witnesses is the most important and most difficult of your tasks, and that the most important single factor in determining the credibility of the witnesses is their interest in the outcome of the case and, *of course, no one has the interest in the outcome of the case that the defendant [appellant] has in the case.*" [Emphasis supplied.]

Appellant argues that this statement unfairly singled out her credibility for attack by emphasizing that she had more of a "motivating interest" to lie than the other witnesses. Such an argument has been consistently rejected. Reagan v. United States, 157 U.S. 301,

310–311, 15 S.Ct. 610, 39 L.Ed. 709 (1895); United States v. Eskridge, 456 F.2d 1202, 1205–1206 (C.A.9, 1972); Stapleton v. United States, 260 F.2d 415, 420, 17 Alaska 713 (C.A.9, 1958); Papadakis v. United States, 208 F.2d 945, 954 (C.A.9, 1953).

The record shows the second statement as follows:

"I suggest further to you that *as far as Counts Two through Six [the transportation counts] are concerned,* that the evidence coming from the defendant [appellant] herself is sufficient to have her suffer a conviction upon a finding of guilty on those counts even after she admits when she found out that they [the five women aliens] were not lawfully in the United States. *Her own testimony is sufficient to cause her conviction on those particular counts."* [Emphasis supplied.]

 This statement brings into issue the propriety of the trial judge's exercise of his power to comment upon the evidence. While the existence of his power to do so is well-established, he must exercise it with caution. Quercia v. United States, 289 U.S. 466, 470–471, 53 S.Ct. 698, 77 L.Ed. 1321 (1933); Billeci v. United States, 87 U.S.App.D.C. 274, 184 F.2d 394, 403 (1950). The trial judge may even, with proper cautionary instructions, include comments as to the sufficiency of the evidence to sustain a verdict of guilty, but when he does so, he faces perils similar to those of a soldier who walks through a mine field. One false step may be fatal.

 Here the false step is apparent from a reading of the statute. A separate element of the offense of illegally transporting an alien within the United States is that the accused know *or* have reasonable grounds to believe that the alien last entered this country less than three years prior to the time that the accused commenced transporting him. 8 U.S.C. § 1324(a)(2). Nowhere in the appellant's testimony did she state that she had such knowledge. Although the

jurors might have easily inferred that the appellant had reasonable grounds to believe so, the trial judge took this factual issue from their consideration by making this statement. United States v. Murdock, 290 U.S. 389, 394, 54 S.Ct. 223, 78 L.Ed. 381 (1933); Lovejoy v. United States, 128 U.S. 171, 173, 9 S.Ct. 57, 32 L.Ed. 389 (1888). The statement inaccurately summarized the appellant's testimony. Harding v. United States, 335 F.2d 515, 517 (C.A.9, 1964); Chavez v. United States, 275 F.2d 813, 818 (C.A.9, 1960). The error was not cured by the trial judge's instructions that the jurors were free to disregard his comments upon the evidence if they desired to do so.

 By its terms, the statement pertained only to the transportation counts. This had no effect upon the jury's verdict of guilty on the conspiracy count. Since the sentences which the appellant received on the transportation counts were less than the sentence on the conspiracy count and made to run concurrent with it, neither a new trial nor a rehearing on sentencing are necessary.

Affirmed.