## HORNING v. DISTRICT OF COLUMBIA.

### DIRECTION OF VERDICT; CRIMINAL LAW.

A charge in effect that the jury should find the defendant guilty does not amount to a peremptory instruction so to do, so as to constitute

reversible error, where there is no issue of fact in the case, the defendant admitting facts which have been held by the court of appeals to constitute the crime charged, and the trial justice makes it clear to the jury that they are the sole judges of fact, and that he has no power to peremptorily instruct a verdict of guilty. (Distinguishing *Masters* v. *United States*, 42 App. D. C. 350.)

No. 3213. Submitted December 3, 1918. Decided March 3, 1919.

---

IN ERROR to the Police Court of the District of Columbia on a conviction for the crime of doing business as a pawnbroker. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This case is here in error to the police court of the District of Columbia. Plaintiff in error, George D. Horning, defendant below, was convicted of the crime of doing business as a pawnbroker in violation of the Act of Congress of February 4, 1913 (37 Stat. at L. 657, chap. 26).

This is the second time this case has been before us. The former consideration arose from an order quashing the complaint on the ground that it did not state a cause of action. 47 App. D. C. 413. The complaint was there held sufficient, and the case was remanded for trial. The complaint contained a complete statement of the facts relied upon by the District as constituting the offense. On trial, defendant and his witnesses testified to the commission of all of the acts charged, which had been held by this court to amount to a violation of the law. Defendant, by his testimony, admitted the facts as completely as he could have done by a plea of guilty.

The single assignment of error worthy of consideration relates to the instructions to the jury. The court, after charging as to presumption of innocence, reasonable doubt, and the elements entering into the offense, said: "There is no contradiction in the testimony of the witnesses. They testified to a cer-

tain course of dealing; and if the testimony of those witnesses is true, gentlemen, and if these acts were done and these transactions had as recited by them, you are instructed, as matter of law, that they constituted an engaging in business in the District of Columbia, within the meaning of the law. So, the only question for you to decide is, Do you believe the statements of these witnesses to be true? and their statements are uncontradicted. If you believe the statements of these witnesses about it, then your verdict should be one of conviction, and you should find the defendant guilty. If you do not believe their statements about it, of course you are at liberty to acquit the defendant, and should acquit him, if you do not believe their statements. * * * If you believe the testimony of these witnesses who have recited these facts to you here, it is your duty, then, under these instructions, to bring in a verdict of guilty in this case."

After the jury had deliberated for several hours, they were recalled to the court room, and the court further charged them as follows: "The law makes the jury the sole judges of the credibility of witnesses and the weight of the evidence, and where there is conflict between the evidence for the government and the evidence for the accused it is your exclusive province to weigh the evidence and determine where the truth lies, and no court or other person is permitted to intrude into your province and control your judgment in the matter; but we have not a case of that kind here. In the case at bar, there is no conflict in the evidence upon any material point. The witnesses for the government detail a course of dealing by the defendant. The defendant himself and witnesses introduced by him corroborate the witnesses for the government and show the same course of dealing. The defendant cannot be heard to say that he himself and his witnesses are not telling the truth. Therefore, there is really no issue of fact for you to decide. You are not authorized to capriciously, arbitrarily, say that the witnesses for the government and for the. defendant are not telling the truth, and that the course of dealing of the defendant is other than as described by the witnesses. The court of

appeals has decided that such course of dealing is a violation of the law. That decision is binding upon me and upon you alike. It is my duty to be controlled by it. It is your duty under your oaths as jurors to accept as correct and be governed by the exposition of the law which I give you. In a criminal case the court cannot peremptorily instruct the jury to find the defendant guilty. If the law permitted, I would do so in this case. In conclusion, I will say to you that a failure by you to bring in a verdict in this case can arise only from a wilful and flagrant disregard of the evidence and the law as I have given it to you, and a violation of your obligation as jurors."

Upon an exception by counsel for defendant to the charge as given, the court further stated: "Of course, gentlemen of the jury, I cannot tell you, in so many words, to find defendant guilty, but what I say amounts to that. The facts proved before you are in accord with the information. The court of appeals has said that that constitutes a violation of the law; and that is all there is in the case."

*Mr. Henry E. Davis,* for the plaintiff in error, in his brief cited:

*Cook* v. *Marshall Co.* 196 U. S. 261; *Delaware & H. Can. Co.* v. *Mahlenbrock,* 63 N. J. L. 281; *District of Columbia* v. *Horning,* 47 App. D. C. 413; *Hoagland* v. *Segar,* 38 N. J. L. 230; *Martin* v. *State,* 59 Ala. 341; *Masters* v. *United States,* 42 App. D. C. 350; 21 R. C. L. pp. 651 et seq.; *Sparf* v. *United States,* 156 U. S. 51; *Sterne* v. *State,* 21 Ala. 43; *Swift* v. *Rounds,* 19 R. I. 527.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. P. H. Marshall,* Assistant, for the defendant in error.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The charge was excepted to by counsel for defendant as

amounting to a peremptory instruction to find defendant guilty. In the Federal courts, in both civil and criminal cases, the trial judge may express his opinion in respect of the testimony, and it will not be error so long as he cautions the jury not to feel obliged to be bound by or to follow his suggestions. In *Simmons* v. *United States,* 142 U. S. 148, 155, 35 L. ed. 968, 971, 12 Sup. Ct. Rep. 171, the court, considering the limitations upon a trial judge in expressing his opinion of the evidence to the jury, said: "The only other exception argued is to the statement made by the judge to the second jury, in denying their request to be discharged without having agreed upon a verdict, that he regarded the testimony as convincing. But at the outset of his charge he told them, in so many words, that the facts were to be decided by the jury, and not by the court. And it is so well settled, by a long series of decisions of this court, that the judge presiding at a trial, civil or criminal, in any court of the United States, is authorized, whenever he thinks it will assist the jury in arriving at a just conclusion, to express to them his opinion upon the questions of fact which he submits to their determination, that it is only necessary to refer to two or three recent cases in which the judge's opinion on matters of fact was quite as plainly and strongly expressed to the jury as in the case at bar. *Vicksburg & M. R. Co.* v. *Putnam,* 118 U. S. 545, 30 L. ed. 257, 7 Sup. Ct. Rep. 1; *United States* v. *Philadelphia & R. R. Co.* 123 U. S. 113, 31 L. ed. 138, 8 Sup. Ct. Rep. 77; *Lovejoy* v. *United States,* 128 U. S. 171, 32 L. ed. 389, 9 Sup. Ct. Rep. 57."

In the present case, the trial justice made it clear that the jurors are the sole judges of fact; that he had no power to peremptorily instruct a verdict of guilty, and that, notwithstanding any opinion he might express, the ultimate decision of guilt or innocence resided in the jury. But the foregoing charge must be read in the light of the case before us. It would hardly be contended that the charge could be upheld in a case where there was a material issue of fact for the jury to pass upon, or in the present case had defendant elected to refuse to testify, as was his right, and rely upon the presumptions which

the law would thereby raise for his protection. But he waived even this right and unqualifiedly admitted every charge made against him, apparently relying upon the dereliction of the jury for relief. It is in this particular that the case of *Masters* v. *United States,* 42 App. D. C. 350, Ann. Cas. 1916A, 1243, relied upon chiefly by counsel for defendant, differs from the present case. We held in that case that error was committed in refusing to admit certain testimony, which, if admitted, would have presented a sharp issue of fact for the jury. Here, it is conceded there is no issue of fact; and the present decision, it must be remembered, rests solely upon that unique situation.

How far may a defendant rely upon the exercise of arbitrary power by a jury and complain if the jury disappoints his expectations? Defendant's guilt was admitted. There was no fact left in dispute. The duty of the jury was to find him guilty. They had the arbitrary power, but not the right, to return a verdict of not guilty. In *Sparf* v. *United States,* 156 U. S. 51, 39 L. ed. 343, 15 Sup. Ct. Rep. 273, 10 Am. Crim. Rep. 168, the defendants were charged with the crime of murder in the first degree. The court instructed the jury that there was nothing in the evidence to reduce the crime, if one was committed, below the grade of murder. This was assigned as error, on the ground that the court had invaded the province of the jury. Section 1035, Revised Statutes of the United States, Comp. Stat. 1916, § 1701, among other things, provides that "in all criminal causes the defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment, or may be found guilty of an attempt to commit the offense so charged: *Provided,* That such attempt be itself a separate offense." Commenting upon the charge in view of this provision of the statute, the court said: "The court below assumed, and correctly, that sec. 1035 of the Revised Statutes did not authorize a jury in a criminal case to find the defendant guilty of a less offense than the one charged, unless the evidence justified them in so doing. Congress did not intend to invest juries in crimi-

nal cases with power arbitrarily to disregard the evidence and the principles of law applicable to the case on trial. The only object of that section was to enable the jury, in case the defendant was not shown to be guilty of the particular crime charged, *and if the evidence permitted them to do so,* to find him guilty of a lesser offense necessarily included in the one charged, or of the offense of attempting to commit the one charged. Upon a careful scrutiny of the evidence, we cannot find any ground whatever upon which the jury could properly have reached the conclusion that the defendant Hansen was only guilty of an offense included in the one charged, or of a mere attempt to commit the offense charged. A verdict of guilty of an offense less than the one charged would have been in flagrant disregard of all the proof, and in violation by the jury of their obligation to render a true verdict. There was an entire absence of evidence upon which to rest a verdict of guilty of manslaughter or of simple assault. A verdict of that kind would have been the exercise by the jury of the power to commute the punishment for an offense actually committed, and thus impose a punishment different from that prescribed by law."

There was no lawful power vested in the jury to acquit defendant. In convicting him, no right of his was violated, since he had no right to an acquittal. The right of trial by jury guaranteed by the Constitution is the right to a lawful trial where the jury is governed in its deliberations by the law as given by the court. Every general verdict is compounded both of law and fact,—the law as given by the court, and the facts as adduced from the witness stand. The jury has the physical power to disregard both, but not the moral right. In the absence of any issue of fact, as here, only a question of law remains; and while the jury has the arbitrary power to disregard it, one failing to profit by such a disregard of duty is not in position to complain. "Every person accused as a criminal has a right to be tried according to the law of the land, the fixed law of the land; and not by the law as a jury may understand it, or choose, from wantonness or ignorance or accidental

mistake, to interpret it." *United States* v. *Battiste*, 2 Sumn. 240, Fed. Cas. No. 14,545.

The right guaranteed the citizen is to be tried according to the fixed law of the land, and not according to the mere guess of a jury in the exercise of purely arbitrary power. If denied the former, he has suffered an injury from which the law will grant relief; if granted the latter, he is the recipient of a gross miscarriage of justice; but, if denied it, he has been deprived of no legal or constitutional right of which he may be heard to complain.

The court, in charging the jury that a failure to return a verdict of guilty could be due only to "a wilful and flagrant disregard of the evidence and the law * * * , and a violation of their obligation as jurors," stated the truth, and at the same time the law of this case. It is clear that, unless the jury violated their obligations as pointed out by the court, they could not acquit the defendant. The jury, however, was not devested of the freedom to exercise arbitrary power. On the contrary, it was expressly told that it possessed that power. Hence, in order that we may reverse the case, it must appear not only that the jury was not permitted to exercise arbitrary power and "disregard the evidence and the principles of law applicable to the case," or that some other right of defendant has been infringed. The record fails to disclose either. It is not apparent, therefore, that any error prejudicial to defendant was committed.

The judgment is affirmed, with costs.

A writ of certiorari was received from the Supreme Court of the United States on April 24, 1919.