**King J. MATTHEWS, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 1977.

Municipal Court of Appeals for the District of Columbia.

Argued July 1, 1957.

Decided Sept. 16, 1957.

---

John A. Shorter, Jr., Washington, D. C., with whom Curtis P. Mitchell, Washington, D. C., was on the brief for appellant.

Richard W. Barton, Asst. Corporation Counsel, Washington, D. C., with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge:

A jury found appellant guilty of operating a motor vehicle in the District during the period for which his operator's permit had been revoked.[1] This appeal claims error in the charge to the jury in that (1) the trial court failed to instruct the jury that it could return a verdict of not guilty, and (2) the trial court instructed the jury that the facts were not in dispute. We shall treat these claims of error in inverse order.

█ The offense charged involved two elements, namely, revocation of appellant's permit and operation by him of a motor vehicle in the District. At trial it was stipulated that appellant's permit had been

---

1. Code 1951, § 40–302(d).

revoked and had not been restored. This left only the issue of whether he operated a motor vehicle in the District. Government witnesses testified appellant operated an automobile on Eastern Avenue, and appellant, when he took the stand, admitted this to be true. This narrowed the issue to whether Eastern Avenue (which is very close to the boundary line between Maryland and the District) is in the District. All witnesses who testified on the subject, including one called by appellant, said Eastern Avenue is within the District. Appellant's testimony was simply that in his "opinion Eastern Avenue was just as much Maryland as it was the District." In closing argument to the jury the prosecutor stated: "The testimony is that all of Eastern Avenue is in the District of Columbia and apparently there is no question of fact on that. The defense admits that." Appellant's counsel not only made no objection to this statement, but commenced his argument by saying to the jury that "what Mr. King (the prosecutor) has said to you is certainly substantially true." In view of the foregoing the trial court had ample justification for telling the jury that "in essence we have no dispute as to the fact, first, that his permit was revoked, and second, that he drove in the District of Columbia."

▮▮▮ With respect to the first claim of error it is true that in its charge the court did not specifically instruct the jury that they could return a verdict of not guilty. In this jurisdiction it is held that in criminal cases it should be uniform practice to instruct that if the Government fails to prove each element of the offense beyond a reasonable doubt, the jury should find the defendant not guilty, and that failure to so charge when requested is reversible error. Johnson v. United States, D.C.Cir., 244 F.2d 781. Technically, therefore, there was error in the charge in this case, but we do not think this technical error requires reversal. In the first place, appellant's counsel, experienced in criminal trials, did not request such instruction and made no objection to the charge as given. His action is understandable because as the trial developed no real defense was presented—only an offered excuse that appellant did not realize he was driving in the District and that if he did so drive it was only for a short distance. In the second place, while the trial court did not expressly tell the jury that they could find appellant not guilty, twice in its charge it told them they were the sole judges of the facts, and concluded the charge by telling the jury that the matter was left to them and it was their duty "as finders of the facts" to reach a verdict on the testimony in the case. We do not think the jury could have understood the charge as an instruction to return a verdict of guilty.[2]

The error in the charge was strictly technical and did not prejudice appellant's rights. Under the admitted facts there was no doubt of his guilt. "When guilt is clearly established by competent evidence, error in the admission or exclusion of other evidence or in the charge to the jury which does not affect the substantial rights of the accused does not call for the reversal of a conviction." Guy v. United States, 71 App.D.C. 89, 91–92, 107 F.2d 288, 290, certiorari denied 308 U.S. 618, 60 S.Ct. 296, 84 L.Ed. 516.

Affirmed.

2. Cf. Horning v. District of Columbia, 48 App.D.C. 380, affirmed, 254 U.S. 135, 41 S.Ct. 53, 65 L.Ed. 185.