By the Court.
 

 No,evidence of words, relative to the mistake of the
 
 American
 
 troops, can be admitted ; for any adherence to them, though contrary to the design of the party, cannot possibly come within the idea of treason. But, as it appears that the prisoner was actually with the enemy, at another time, words indicating his intention to join them are proper testimony, to explain the motives upon which that intention was afterwards carried into effect.
 

 The
 
 Attorney- General
 
 then called a witness to prove that the defendant was seen parading with the enemy’s light horse in the city of Philadelphia. But to this, also, his counsel objected ; for, they urged, that every criminal
 
 *35
 
 act must be tried in the county in which it is committed. Cro. Car. 247; 4 Bl. Com. 301; 3 Inst. 48, 49, 80. And that the circumstance of merely joining the enemy’s army, being neither treason, nor misprision of treason, unless done with a traitorous intention, no
 
 overt
 
 act had been proved in Chester, which was a pre-requisite to any evidence being heard of an
 
 overt
 
 act committed in any other county. To' evince that this was, likewise, the sense of the legislature, the defendant’s counsel read the act of assembly giving the supreme court a special power to try offenders in Lancaster, for crimes committed in the counties of Chester and Philadelphia.
 

 The
 
 Attorney- General
 
 and
 
 Reed,
 
 for the commonwealth.
 

 Wilson
 
 and
 
 Ross,
 
 for the defendant.
 

 The
 
 Attorney- General
 
 answered, that when an
 
 overt
 
 act is proved in the county where the trial is held, corroborative evidence may be given of
 
 overt
 
 acts committed in any other county. Fost. 9; 2 Hawk. 436. And that having established the prisoner’s presence with the British army, nothing, but the proof of actual force, and its continuance, could excuse him from the charge of adhering to the enemies of the commonwealth. Fost. 11. For, joining the army of an enemy, has always been held
 
 prima facie
 
 evidence of an
 
 overt
 
 act. And—
 

 *By the Court, it was accordingly ruled, that evidence might be given of an
 
 overt
 
 act, committed in another county, after an [*35
 
 overt
 
 act was proved to have been committed in the county where the indictment was laid and tried,
 

 (a)
 

 The defendant was acquitted.
 

 (a)
 

 See the next case and Respublica v. Roberts,
 
 post,
 
 p. 39.