## Case No. 15,584.

UNITED STATES v. LEE.

[2 Cranch, C. C. 104.] [1]

Circuit Court, District of Columbia. Nov. Term, 1814.

TREASON — DECLARATION OF INTENTION — OVERT ACTS—CONFESSION.

1. The declaration of the prisoner of his intention as to any of the overt acts of treason charged in the indictment, may be given in evidence before evidence is offered of such overt acts.

2. The declaration of the prisoner, accompanying the overt act laid in the indictment, may be given in evidence to show his intention in doing the act; but his confession of having committed the overt act charged cannot be given in evidence.

The defendant [Richard H. Lee] was indicted for treason against the United States, by adhering to their enemies, giving them aid and comfort, by supplying them with fruit and melons, showing them the channel of the river Potomac, and informing them of the situation of the troops of the United States.

E. J. Lee, on the trial, objected to evidence of conversations held by the prisoner with the witness, before proof of some overt act. Such conversations cannot be given in evidence as confessions; for by Const. art. 3, § 3, no confession can be admitted but a confession in open court. Willis' Case, Fost. Crown Law, 241, 244; Respublica v. Roberts, 1 Dall. [1 U. S.] 39; 4 Tuck. Bl. Comm. 357, note. Corroborative evidence cannot precede the principal evidence. Id. Append. 11, 12.

Mr. Jones, for the United States, contra. In Burr's Case [Case No. 14,694], the court said that the order of evidence is a matter of discretion with the attorney of the United States. And the chief justice, in what he said respecting corroborative testimony, alluded to evidence of general evil intent; not of his intent in relation to the act charged.

THE COURT (THRUSTON, Circuit Judge, absent) said that the witness (Mrs. Alexander) might be examined as to the prisoner's declarations of his intention as to any of the overt acts charged in the indictment, although no evidence was yet offered of such overt acts. Mrs. Alexander and other witnesses then proved, that the prisoner wanted to buy watermelons, and said that the British commodore had suffered him to pass upon condition that he would bring them watermelons, which he promised to do; that he had shown a British vessel how to get off the flats; and that he wanted to get information respecting

[1] [Reported by Hon. William Cranch, Chief Judge.]

the militia, to communicate it to the British. The witnesses also proved that he bought watermelons and apples of Mrs. Marshall; that he had a schooner in the channel, and that he said he preferred the English government to ours.

E. J. Lee, for defendant, moved the court to instruct the jury that this evidence was not to be regarded; as no overt act of adherence to the enemy had been proved.

Mr. Jones, contra, contended that there is sufficient evidence of an open act. That the purchase of melons, and collecting information to be sent to the enemy, and his actually setting off to carry it, is a sufficient overt act, although he was intercepted and prevented from carrying it to the British. Fost. Crown Law, 217; Id. c. 3, § 8.

E. J. Lee, in reply. The only facts proved are that he purchased melons, and inquired about the militia. There is no evidence of his intent. His confession upon that subject cannot be given in evidence.

THE COURT (THRUSTON, Circuit Judge, absent) were of opinion that the declaration of the prisoner accompanying the overt act laid in the indictment may be given in evidence to show the intent with which the act was done; but that his confession of having given information of the channel, and of his having been on board the fleet, was not evidence.

The jury, after retiring a few minutes, found the prisoner not guilty.