# UNITED STATES *v.* PHILADELPHIA AND READING RAILROAD COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

Argued October 25, 1887. — Decided November 7, 1887.

At a trial by jury in a court of the United States, the judge may express to the jury his opinion upon questions of fact which he submits to their determination.

A claim of the United States against a railroad corporation for taxes on undivided profits during a certain period was, after full examination of the books of the corporation by officers of the government, and argument before the assessor of internal revenue for the district, settled and adjusted by agreement between the assessor and the corporation at a certain sum, which the corporation paid and took the collector's receipt for. Nearly twelve years afterwards, an internal revenue agent made another examination of the books of the corporation, resulting, as he testified, in charging it with a further sum for taxes during the same period. In a suit to recover this sum, the judge, in charging the jury, told them that the first assessment, the payment of money in pursuance of it, and the acquiescence of the government for so long a time since, raised a presumption that the assessment was correct, and that the money paid covered the defendant's entire liability; that the burden was thus cast upon the government of proving, by such evidence as to fully satisfy the mind, that the assessment was erroneous; that whether it had done so was for the jury to determine, and that the judge did not desire to control their finding, but was of opinion that under the circumstances they should not return a verdict for the government. *Held*, no error.

ASSUMPSIT for internal revenue taxes. Plea, "non-assumpsit, payment and set-off, with leave, &c." Verdict and judgment for the defendant. The United States excepted to the judge's charge to the jury, and sued out this writ of error. The case is stated in the opinion.

*Mr. Solicitor General* for plaintiff in error.

*Mr. Thomas Hart, Jr.,* for defendant in error. *Mr. William Ward* and *Mr. George R. Kaercher* were with him on the brief.

MR. JUSTICE GRAY delivered the opinion of the court.

Trial by jury in the courts of the United States is a trial presided over by a judge, with authority, not only to rule upon objections to evidence, and to instruct the jury upon the law, but also, when in his judgment the due administration of justice requires it, to aid the jury by explaining and commenting upon the testimony, and even giving them his opinion upon questions of fact, provided only he submits those questions to their determination. *Vicksburg & Meridian Railroad* v. *Putnam*, 118 U. S. 545; *St. Louis &c. Railway* v. *Vickers*, 122 U. S. 360. The judge who presided at the trial of this action did not exceed his rightful power in this respect.

The action was brought by the United States against a railroad corporation to recover $40,844.19, for unpaid taxes on undivided profits from June 30, 1864, to November 30, 1867, under the internal revenue act of June 30, 1864, c. 173, § 122, as amended by the act of July 13, 1866, c. 184.   13 Stat. 284; 14 Stat. 138.  The trial proceeded upon the rule established by previous decisions of this court, that an assessment is not required by the act, nor, if made, conclusive upon either party, and that in an action to recover the tax the controlling question is not what has been assessed, but what is by law due. *Savings Bank* v. *United States*, 19 Wall. 227; *Clinkenbeard* v. *United States*, 21 Wall. 65.

The president of the corporation testified that in 1868 the United States made a demand upon the company for some $350,000 alleged to be due for such taxes for the same period; that the company resisted the demand, and through him as its counsel contended that it had already paid more than was due, and was entitled to a considerable credit for items really belonging to construction, though charged to income in the form in which its accounts were made up; that the company opened all its books to the officers of the government, and after full investigation by them, and arguments in behalf of both parties before the assessor of internal revenue for the district, occupying several weeks, the officers of the company and the assessor agreed upon a settlement and adjustment of the demand for

the sum of $39,797.61, which the company thereupon paid, and for which it took the following receipt:

"United States Internal Revenue, Collector's Office,
   "District of Pennsylvania, July 28, 1868.
 "Received of Philadelphia & Reading R. R. Co. forty-one thousand eight hundred & seven $\frac{61}{100}$ dollars for excise tax on —
"Gross receipts . . . . . . . . . . . . . . . $2,010 00
"Profits over dividends . . . . . . . . . . . 39,797 61

   "Total . . . . . . . . . . . . . . . $41,807 61
"May, 1868, being amount assessed on June list for July 1st, '64, to Nov. 30, 1867.
     "Joseph G. Kline, Deputy Collector."

The only witness called by the United States was an internal revenue agent, who testified that in November, 1879, he examined the defendant's books and accounts, the defendant giving him every facility that he desired; and that the result of his examination showed that the gross amount of the tax for the period in question was $85,532.60, and that, deducting an overpayment of $4890.80 in 1869 on the "renewal fund," (which the Commissioner of Internal Revenue had since held not to be taxable,) and deducting also the payment of $39,797.61 in 1868, there was $40,844.19 still due; that he made up the gross amount by charging the company with the total receipts from its road, and with rent received from another corporation, and crediting it with all the working expenses, the "renewal fund," interest paid on mortgages of real estate and on bonded debt, dividends paid to stockholders, and the United States tax and the State tax on such dividends; and that he did not know how the sum of $39,797.61 was made up.

In the course of a long examination and cross-examination, he testified that he made no allowance for interest paid by the company on its funded debt, and that by his mode of statement the company was taxed upon every dollar expended for interest, even if some of that interest was exempt from taxation; that where the company paid a dividend to stockholders, and assumed the payment of the government tax on

the dividend, he computed the dividend tax upon the whole dividend declared, and not merely upon the amount actually paid to the stockholders; that the fiscal year of the company ended with November 30, and that, in computing the tax for the five months from June 30 to November 30, 1864, he credited the company with five twelfths only of the "renewal fund" for the year ending November 30, 1864, and of the United States tax and the State tax on dividends, and of the annual dividend estimated as aforesaid, although, before June 30, 1864, there was no tax on surplus profits, and money spent in construction was not taxable.

Each of these points was contested by the defendant, it is not pretended that any of them have been determined by judicial decision, and it might well be inferred that they had all been taken into consideration in the settlement between the assessor and the company in 1868.

The bill of exceptions further states that the government offered in evidence "all the books of the Philadelphia and Reading Railroad Company, referred to, as well as the statements and reports, and closed." But it contains no description of those books, statements and reports, except as they are mentioned in the testimony of the internal revenue agent.

Such being the case on trial, the judge, in charging the jury, and referring them to the testimony given before them by the president of the company on the one side and by the witness for the government on the other, might justly and properly say to them, as he did: "From the assessment made by the government's officer in 1868, the payment of the money in pursuance of it, and the acquiescence of the government in what was thus done for so long a period — nearly twelve years — a presumption arises that the assessment then made was correct, and that the money paid covered the defendant's entire liability for taxes upon surplus earnings between the periods embraced. The burden is thus cast upon the plaintiff to repel the presumption by evidence that the assessment was erroneous, and, in view of the circumstances, the evidence should be such as to satisfy the mind fully in this respect." "Whether the government has proved mistake by the testi-

mony of the witness referred to (there is no other testimony tending to prove it) is for you to determine. In submitting this question, however, it is proper to say that, in the judgment of the court, it would be unsafe and therefore unjust to find error in the assessment and settlement under the evidence before you, and consequently to render a verdict against the defendant for the large sum of money claimed, as the plaintiff asks you to do. In other words, while the court does not desire to control your finding, but submits the question to you, it is of opinion that you should not, under the circumstances, find for the plaintiff."

*Judgment affirmed.*