## MORSE v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. December 5, 1918.)

No. 1646.

1. CRIMINAL LAW ☞762(2)—INSTRUCTIONS—EXPRESSION OF OPINION BY COURT.

Expression by a federal trial judge in his charge to the jury of his opinion that defendant was guilty is not error, where the jury were clearly told that they should exercise their own independent judgment, regardless of such opinion.

2. CRIMINAL LAW ☞717—TRIAL—ARGUMENT OF COUNSEL.

Refusal to permit counsel for a defendant to argue to the jury that they were not bound by an expression of opinion by the court in its charge as to the guilt or innocence of defendant *held* error.

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Judge.

Criminal prosecution by the United States against Fred B. Morse. Judgment of conviction, and defendant brings error. Reversed.

Nathaniel T. Green, of Norfolk, Va. (Daniel Coleman, of Norfolk, Va., on the brief), for plaintiff in error.

Hiram M. Smith, Asst. U. S. Atty., of Richmond, Va. (Richard H. Mann, U. S. Atty., of Petersburg, Va., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge. [1] On conflicting testimony, the defendant was convicted of transporting whisky from Providence, R. I., to a point on Elizabeth river, Va., near Norfolk. In the following concluding instruction, it is contended, the District Judge went beyond his province in expressing his opinion of the guilt of the defendant:

"You are the sole judges of the facts of the case, and should determine the same after due consideration of all the evidence, in the light of attending circumstances, and the reasonable and fair inferences to be drawn from the testimony, and in so doing you should act upon your own independent judgment, uninfluenced by what others, including the court, may think or say. But I would be derelict in my duty if I did not say to you that, from my standpoint and viewpoint, this testimony irresistibly and irrefutably points to the absolute guilt of these defendants."

The opinion that the accused was guilty was strongly expressed, but the expression was accompanied by an equally strong statement that the jury should exercise their own independent judgment in coming to a verdict uninfluenced by the opinion of the judge. Since the ultimate conclusion was left to the jury, there was no error in the instruction. United States v. Philadelphia & Reading R. R. Co., 123 U. S. 113, 8 Sup. Ct. 77, 31 L. Ed. 138; Simmons v. United States, 142 U. S. 148, 12 Sup. Ct. 171, 35 L. Ed. 968; Doyle v. Union Pacific Ry. Co., 147 U. S. 413–430, 13 Sup. Ct. 333, 37 L. Ed. 223; Allis v. United States, 155 U. S. 117, 15 Sup. Ct. 36, 39 L. Ed. 91.

Breese v. United States, 108 Fed. 804, 48 C. C. A. 36, relied on by defendant, seems to be inconsistent with the doctrine laid down by the Supreme Court in the cases cited. If that case can be sustained at all as a precedent, it is on the narrow distinction that the District Judge, although clearly charging the jury that they were not bound by his opinion, and should exercise their independent judgment, yet used the words "that in his opinion it was the duty of the jury to convict the defendant." Here the jury were not told that it was their duty to convict, or that they ought to convict.

[2] The other assignment of error relied on is more serious. It is thus set out in the exceptions:

"Counsel for the defendant, F. B. Morse, was proceeding to argue to the jury to the following effect: That while the court had said in the charge that 'the testimony irresistibly and irrefutably points to the absolute guilt of the defendants,' yet the jury were not bound by the opinion of the court, but that it was their right and duty to decide this question for themselves. But the court interrupted counsel, and said that the court had charged the jury as to that subject, and refused to permit counsel to continue said argument."

Counsel may not address to the jury argument on issues of law; the jury is bound by the instructions of the trial judge on the legal questions involved, and confined to the application of the instructions on the law to the evidence. But it is the right of counsel in applying to the evidence the law laid down by the trial judge to restate, elaborate, and emphasize it, the limits of propriety in exercising this right being controlled by the discretion of the trial judge. Discretion, however, does not extend to cutting off any discussion of a point so material as that here involved. Counsel for defendant in

connection with his general argument for acquittal had the right to elaborate and emphasize the proposition that however learned and experienced the judge, and however great the weight to be attached to his opinion that accused was guilty, yet the jury were not bound by it, and that the duty of the jury was to come to their own conclusion on the issue of guilt or innocence, giving to the opinion of the trial judge only such weight as they saw fit. There was error in the denial of this right of argument.

Reversed.