### SCHULZE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. July 7, 1919.)

No. 3298.

1. WAR ⟨⟩4—ESPIONAGE ACT—INTENT—"SUPPORT"—"FAVOR" OR "OPPOSE."

Under Espionage Act, § 3, as amended by Act May 16, 1918, § 1 (Comp. St. 1918, § 10212c), declaring a punishment for, by word or act, supporting or favoring the cause of any country with which the United States is at war, or opposing the cause of the United States therein, intent is a part of the offense; mental attitude being implied in the words "support," "favor," and "oppose."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Favor Support; First Series, Oppose.]

2. WAR ⟨⟩4—ALLEGING INTENT—ESPIONAGE ACT.

The offense under Espionage Act, § 3, as amended by Act May 16, 1918, § 1 (Comp. St. 1918, § 10212c), of by word or act supporting or favoring the cause of a country with which the United States is at war, or opposing the cause of the United States therein, being one whose definition necessarily includes intent, indictment therefor need not allege intent, but only the acts done.

3. CRIMINAL LAW ⟨⟩371(1)—EVIDENCE—INTENT.

Intent being part of the offense, evidence of other acts or words of defendant than those charged are admissible to show his attitude of mind and intent or purpose.

4. CRIMINAL LAW ⟨⟩786(3)—INSTRUCTIONS—INTEREST OF DEFENDANT.

Instruction that the interest of defendant in the result should be considered in weighing his testimony, and in determining how far, or to what extent, if at all, it is worthy of credit, is proper.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

5. CRIMINAL LAW ⬤⟹757(1)—INSTRUCTION—CREDIBILITY OF STATE WITNESSES.
    Instruction that the court sees no reason why the government witnesses should not be believed, but telling the jury that they are the exclusive judges as to the credibility of witnesses and the weight of the evidence and of the facts, does not go beyond the rule of permissible comment in a federal court.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Charles G. Schulze was convicted of violation of the Espionage Act (253 Fed. 377), and brings error. Affirmed.

A. J. Morganstern, of San Diego, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., and W. F. Palmer, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted under an indictment which charged him with violation of that portion of the espionage statute (Act June 15, 1917, c. 30, tit. 1, § 3, 40 Stat. 219), as amended by Act May 16, 1918, c. 75, § 1, 40 Stat. 553 (Comp. St. 1918, § 10212c), which provides:

"Whoever shall by word or act support or favor the cause of any country with which the United States is at war or by word or act oppose the cause of the United States therein"

—shall be punished as provided in the act. The offense was charged to have been committed by knowingly, willfully, unlawfully, and feloniously uttering in the hearing of another person named certain statements friendly to Germany and hostile to the United States, which need not be here repeated. The writ of error presents two questions for review:

[1-3] First, the alleged error of admitting testimony of witnesses as to other prior statements made by the accused, for the purpose of showing the intent with which the statements referred to in the indictment were uttered. The plaintiff in error contends that intent is no part of the offense as described in the statute, and that therefore such evidence was inadmissible. We cannot agree that intent is no part of the offense. The very description of the offense involves the mental attitude of the accused—his taking his stand with the enemy and against the United States. That mental attitude is necessarily implied in the words "support," "favor," and "oppose," which include both act and intent. Under an indictment brought under the same statute Judge Westenhaver, instructing the jury, said:

"It is necessary that you should find from the evidence, beyond a reasonable doubt, that by these words the defendant willfully intended to support or favor the cause of the Imperial Government of Germany with which the United States was then at war, or to oppose the cause of the United States." Department of Justice, Bulletin No. 143.

A similar instruction was given by Judge Cochran. Bulletin No. 149.

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is true that in charging the offense it is unnecessary to allege the intent; the offense being one whose very definition necessarily includes intent. In such a case it is necessary only to aver in apt terms the acts done. The intent will be inferred. The charge is not unlike that of treason, the indictment for which needs go no further than to follow the language of the statute which defines the offense. (United States v. Greathouse, 2 Abb. U. S. 364, Fed. Cas. No. 15,254), and it logically follows that to prove an offense such as is charged here the same rule should apply as in prosecutions for treason, and that evidence may be received of other acts or words of the defendant to show his attitude of mind and his intent or purpose (United States v. Lee, 2 Cranch, C. C. 104, Fed. Cas. No. 15,584; Respublica v. Roberts, 1 Dall. [Pa.] 39, 1 L. Ed. 27; Fries' Case, Fed. Cas. No. 5,126; Respublica v. Malin, 1 Dall. 33, 1 L. Ed. 25; United States v. Hanway, 2 Wall. Jr. 139, Fed. Cas. No. 15,299; Charge to Grand Jury, 2 Wall. Jr. 134, Fed. Cas. No. 18,276; Charge to Grand Jury, 5 Blatchf. 549, Fed. Cas. No. 18,271. Not dissimilar in principle are Higgins v. State, 157 Ind. 57, 60 N. E. 685, and cases there cited. We find no error in the admission of the testimony.

[4, 5] The second question is whether the court, in charging the jury, erred in expressing opinion on the credibility of witnesses and upon the facts involved in the case. The question whether the plaintiff in error uttered the words which are set forth in the indictment was the main issue in the case. He testified that he made no such statements, and two witnesses for the government testified that he did. Concerning his testimony the court instructed the jury:

"The deep personal interest which he may have in the result of the suit should be considered by the jury in weighing his evidence, and in determining how far, or to what extent, if at all, it is worthy of credit."

Concerning the testimony of the witnesses for the government the court said:

"In regard to the interest of the witnesses in the case, I think it is my duty to call your attention to the evidence of Miss Winters in this regard, and ask you to consider, in weighing her evidence, what interest she has in this case. Why should she inform against the defendant? Why should she take the interest in this case she has taken? Has she any object in accusing this man of this very grave offense? Has there been any reason shown that would cause her to testify falsely in the case? Take the case of Mrs. Richards. What interest has she in the case? Why should she testify falsely, if she did, in order to get this defendant into trouble? * * * It seems to me that the testimony of these two witnesses has been given so clearly, and so positively, and under circumstances where the conversation could be so easily understood, that they could not have testified under a mistaken belief as to the material part of their testimony. They may have been mistaken as to some small part of the conversation; but taken as a whole, it seems to me they could not have been mistaken. This case turns largely upon the testimony of Miss Winters and Mrs. Richards. No one else heard the conversation with this defendant, except these two witnesses. The defendant has denied the conversation that these two ladies have testified to. To me these two witnesses appeared to be fair in their testimony, they look like intelligent, honorable women, and I see no reason why they should not be believed. Now, while I have so commented upon these two witnesses and their testimony, I advise you again that you are not bound by what I say in this regard; you are the exclusive judges as to the credibility of witnesses and the weight of the evidence and are sole judges of the facts."

The instruction as to the defendant's interest in the case as affecting his credibility is justified by Reagan v. United States, 157 U. S. 301, 15 Sup. Ct. 610, 39 L. Ed. 709, where the identical instruction was approved. Nor are we convinced that the instruction upon the testimony of the two witnesses for the government went beyond the rule of permissible comment in a federal court. Said the court in United States v. Reading Railroad, 123 U. S. 113, 8 Sup. Ct. 77, 31 L. Ed. 138:

"Trial by jury in the courts of the United States is a trial presided over by a judge, with authority, not only to rule upon objections to evidence, and to instruct the jury upon the law, but also, when in his judgment the due administration of justice requires it, to aid the jury by explaining and commenting upon the testimony, and even giving them his opinion upon questions of fact, provided only he submits those questions to their determination."

And in Simmons v. United States, 142 U. S. 148, 155, 12 Sup. Ct. 171, 173 (35 L. Ed. 968), the court said:

"It is so well settled, by a long series of decisions of this court, that the judge presiding at a trial, civil or criminal, in any court of the United States, is authorized, whenever he thinks it will assist the jury in arriving at a just conclusion, to express to them his opinion upon the questions of fact which he submits to their determination, that it is only necessary to refer to two or three recent cases in which the judge's opinion on matters of fact was quite as plainly and strongly expressed to the jury as in the case at bar. Vicksburg, etc., Railroad v. Putnam, 118 U. S. 545 [7 Sup. Ct. 1, 30 L. Ed. 257]; United States v. Philadelphia & Reading Railroad, 123 U. S. 113 [8 Sup. Ct. 77, 31 L. Ed. 138]; Lovejoy v. United States, 128 U. S. 171 [9 Sup. Ct. 57, 32 L. Ed. 389]."

The judgment is affirmed.