## BUCHANAN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 1, 1926.)

No. 7315.

1. Judges ⬡25(1).

Congress had authority, in creating judicial district for Northern district of Oklahoma by Act Feb. 16, 1925 (Comp. St. §§ 1088–1088e), to assign judge from another district thereto.

2. Criminal law ⬡622(1).

Judge in federal court has discretion to grant separate trials, and joint defendants have no right to be tried separately.

3. Criminal law ⬡622(2).

Trial court held not to have abused discretion in refusing separate trials to defendants arrested together in automobile containing alcohol.

4. Criminal law ⬡762(5).

Judge's charge expressing his opinion as to defendant's guilt, but instructing jury that it was not binding on them, held not erroneous.

5. Criminal law ⬡762(2).

Judge may express opinion as to facts, after making it clear to jury that it was nothing but his opinion, and not binding on them.

6. Intoxicating liquors ⬡236(6½).

Evidence held to support conviction for possession and transportation of intoxicating liquor, in violation of National Prohibition Act, tit. 2, § 3 (Comp. St. § 10138½aa).

7. Indians ⬡35.

In view of Act March 1, 1895, § 8 (Comp. St. § 4136b), possession of liquor in Tulsa, Okl., comes within purview of Act June 30, 1919, § 1 (Comp. St. § 4137aa), relative to possessing liquors in Indian country.

8. Indians ⬡38(7)—Intoxicating liquors ⬡242.

Under Act June 30, 1919, § 1 (Comp. St. § 4137aa), sentence of $300 and four months' imprisonment for possession of intoxicating liquor within limits of Indian Territory, and $25 fine under count for transportation in violation of National Prohibition Act, tit. 2, § 3 (Comp. St. § 10138½aa), held authorized.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Homer Buchanan was convicted of unlawful possession within the Indian Territory and transportation of intoxicating liquor, and he brings error. Affirmed.

Franklin H. Griggs, of Tulsa, Okl., for plaintiff in error.

John M. Goldesberry, U. S. Atty., and W. L. Coffey, Asst. U. S. Atty., both of Tulsa, Okl.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and JOHN B. SANBORN, District Judge.

JOHN B. SANBORN, District Judge. Plaintiff in error, Homer Buchanan, jointly with V. N. Church, was charged, by an indictment returned in the District Court of the Northern District of Oklahoma, under one count, with the unlawful possession of intoxicating liquor in Tulsa county, Okl., "where the said liquor was had, possessed and kept by the said defendants, having been within the limits of the Indian Territory, and a part thereof prior to the admission of the state of Oklahoma into the Union as one of the United States of America, and being then and there a place where the introduction of spir-

ituous and intoxicating liquor is and was prohibited by the federal statutes," and, under a second count, with the unlawful transportation of intoxicating liquor, in violation of section 3, title 2, of the National Prohibition Act (Comp. St. § 10138½aa). A demurrer to the indictment was overruled. A motion for a separate trial for Buchanan was denied. The case was tried. At the close of the government's case, a demurrer to the evidence was also overruled. Buchanan rested; Church testified in his own behalf. A verdict was returned by the jury, finding the former guilty of the crimes charged, and acquitting his codefendant, Church. A motion for a new trial was denied, and Buchanan brings the case to this court by writ of error.

The questions presented by the assignments of error are: Did the court have jurisdiction? Was Buchanan entitled to a separate trial? Did the judge commit error in expressing his opinion in his charge to the jury? Is the verdict sustained by the evidence, and the judgment and sentence in accordance with the law?

[1] It is claimed that Judge Kennamer, who tried the case, was without jurisdiction, because Congress, by the Act of February 16, 1925 (43 Stat. 945 [Comp. St. §§ 1088–1088e]), exceeded its authority in assigning him to the Northern District of Oklahoma; that, for that reason, the indictment and the sentence must fall. This same contention was made and disposed of adversely to the contentions of the plaintiffs in error in the cases of Bland v. Kennamer, and Coatney v. Kennamer (C. C. A.) 6 F.(2d) 130.

[2, 3] In the federal courts, joint defendants have no right to be tried separately. It is within the discretion of the trial judge to grant separate trials. Moore v. United States (C. C. A.) 2 F.(2d) 839; Waldeck v. United States (C. C. A.) 2 F.(2d) 243; Sullivan v. United States (C. C. A.) 7 F.(2d) 355. Buchanan and Church were together in an automobile roadster with two gallons of grain alcohol, when arrested. The trial court evidently could see no reason for granting separate trials, nor do we see any.

[4] Buchanan questions the right of the court to use the following language in his charge: "What I say to you is not binding on you; you are to determine all the facts. It just occurs to me it is a plain case of two men out there with two gallons of alcohol, in the liquor business. That is for you to determine, and what I say to you is not binding on you."

A direct and complete answer to this question is found in the decision of this court in Weiderman v. United States, 10 F.(2d) 745.

15 F.(2d)—32

The only difference between that case and this one is that there the expression of opinion complained of was more emphatic. The question as to how far a judge may go in expressing his opinion as to what the evidence proves is an interesting one. In the United States Supreme Court it has arisen in the following cases: Carver v. Jackson, 4 Pet. 1, 80, 7 L. Ed. 761; Magniac v. Thompson, 7 Pet. 348, 390, 8 L. Ed. 709; Mitchell v. Harmony, 13 How. 115, 131, 14 L. Ed. 75; Transportation Line v. Hope, 95 U. S. 297, 24 L. Ed. 477; St. Louis, Iron Mountain & Southern Ry. v. Vickers, 122 U. S. 360, 7 S. Ct. 1216, 30 L. Ed. 1161; United States v. Philadelphia & Reading Rd. Co., 123 U. S. 113, 8 S. Ct. 77, 31 L. Ed. 138; Rucker v. Wheeler, 127 U. S. 85, 8 S. Ct. 1142, 32 L. Ed. 102; Lovejoy v. United States, 128 U. S. 171, 9 S. Ct. 57, 32 L. Ed. 389; Simmons v. United States, 142 U. S. 148, 12 S. Ct. 171, 35 L. Ed. 968; Doyle v. Union Pacific Ry. Co., 147 U. S. 413, 13 S. Ct. 333, 37 L. Ed. 223; Lincoln v. Power, 151 U. S. 436, 14 S. Ct. 387, 38 L. Ed. 224; Allis v. United States, 155 U. S. 117, 15 S. Ct. 36, 39 L. Ed. 91; Starr v. United States, 153 U. S. 614, 14 S. Ct. 919, 38 L. Ed. 841; Wiborg v. United States, 163 U. S. 632, 16 S. Ct. 1127, 1197, 41 L. Ed. 289.

The rule is stated in Vicksburg & Meridian Rd. Co. v. Putnam, 118 U. S. 545, 553, 7 S. Ct. 1, 2 (30 L. Ed. 257) as follows:

"In the courts of the United States, as in those of England, from which our practice was derived, the judge, in submitting a case to the jury, may, at his discretion, whenever he thinks it necessary to assist them in arriving at a just conclusion, comment upon the evidence, call their attention to parts of it which he thinks important, and express his opinion upon the facts, and the expression of such an opinion, when no rule of law is incorrectly stated, and all matters of fact are ultimately submitted to the determination of the jury, cannot be reviewed on writ of error."

This rule has been consistently followed by that court, and the only case we have found in which a judge has been reversed for expressing his opinion is Starr v. United States, 153 U. S. 614, 14 S. Ct. 919, 38 L. Ed. 841, although a somewhat similar situation is presented in Allison v. United States, 160 U. S. 203, 16 S. Ct. 252, 40 L. Ed. 395, involving the charge of the same trial judge, and Hickory v. United States, 160 U. S. 408, 16 S. Ct. 327, 40 L. Ed. 474. In the Starr Case, after stating the rule, the court says of the trial judge:

"But he should take care to separate the law from the facts, and to leave the latter in unequivocal terms to the judgment of the jury as their true and peculiar province. McLanahan v. Universal Insurance Co., 1 Pet. 170, 182 [7 L. Ed. 98]. As the jurors are the triers of facts, expressions of opinion by the court should be so guarded as to leave the jury free in the exercise of their own judgments. They should be made distinctly to understand that the instruction is not given as to a point of law by which they are to be governed, but as a mere opinion as to the facts, to which they should give no more weight than it was entitled to. Tracy v. Swartwout, 10 Pet. 80, 96 [9 L. Ed. 354]; Games v. Stiles, 14 Pet. 322 [10 L. Ed. 476]."

Further on in the same opinion, it is said:

"It is obvious that under any system of jury trials the influence of the trial judge on the jury is necessarily and properly of great weight, and that his lightest word or intimation is received with deference, and may prove controlling. Hicks v. United States, 150 U. S. 442, 452 [14 S. Ct. 144, 37 L. Ed. 1137]. The circumstances of this case apparently aroused the indignation of the learned judge in an uncommon degree, and that indignation was expressed in terms which were not consistent with due regard to the right and duty of the jury to exercise an independent judgment in the premises, or with the circumspection and caution which should characterize judicial utterances."

The court then sets forth the language of the charge complained of, which clearly shows that the trial judge, instead of instructing the jury, appealed to their passions and prejudices, and in effect argued to them the guilt of the defendant.

A parallel case in this court is that of Weare v. United States, 1 F.(2d) 617. In Reynolds v. United States, 98 U. S. 145, 168 (25 L. Ed. 244), the court said: "Every appeal by the court to the passions or the prejudices of a jury should be promptly rebuked."

It would be difficult to put into words stronger expressions of opinion than some of those considered by the Supreme Court and sustained. For example: In United States v. Philadelphia & Reading Rd. Co., 123 U. S. 113, 8 S. Ct. 77, 31 L. Ed. 138, the language complained of was: "In other words, while the court does not desire to control your finding, but submits the question to you, it is of opinion that you should not, under the circumstances, find for the plaintiff." In Simmons v. United States, 142 U. S. 148, 12 S. Ct. 171, 35 L. Ed. 968, it appeared that, after the jury in a criminal case had retired, they failed to agree and requested to be discharged. The judge refused their request, saying that he regarded the testimony as convincing. [5] Under the rule, as stated and applied by the Supreme Court, it seems that, when a judge expresses his opinion as to the facts to the jury, making it clear that it is nothing but his opinion, and not binding upon them in any way, and that it is their duty and responsibility to determine all of the facts, he is within his rights, and that he is only subject to reversal when his comments upon the evidence or opinion as to the facts amount to partisan argument or advocacy, or constitute an appeal to passion or prejudice. It is unquestionably true that, because of the judge's influence with the jury, the right which he has to express his opinion as to the facts should be sparingly, carefully, and wisely used. At the same time, because of his participation in the actual trial of the cause, he is better able to tell when the use of that right is justified than is an appellate court from reading the cold record. After all, jurors are men with minds of their own, and, where they are given to understand that the responsibility for determining the facts is upon them, they do not generally act against what they believe to be right and just. There is a good illustration of that in this case. The judge expressed his opinion as to both defendants. The jury acquitted one and convicted the other.

[6] As to the sufficiency of the evidence: It showed that the defendants, who were in an automobile roadster, were stopped at the intersection of Peoria and Admiral boulevard, public streets in the city of Tulsa, Okl., by an officer connected with the police department of that city, who had been following the car because of information that it was used for transporting liquor; that Buchanan was driving; that, when stopped, he said there was no liquor in the car; that, on request of the officer, he opened the "turtle back" or rear compartment of the car; that there were two gallon cans in it, which Buchanan said contained oil, and which were found to contain grain alcohol. The evidence justifies the conclusion that the alcohol was in the possession of Buchanan and that he was transporting it.

[7] The only remaining question to be considered is whether the possession was simply a violation of the Prohibition Act, or whether it came within the purview of the Act of June 30, 1919 (41 Stat. p. 4, c. 4; Comp. St. Ann. Supp. 1923, § 4137aa), which provides:

"That on and after July 1, 1919, possession by a person of intoxicating liquors in

the Indian country or where the introduction is or was prohibited by treaty or federal statute shall be an offense and punished in accordance with the provisions of the acts of July 23, 1892 (27 Statutes at Large, page 260), and January 30, 1897 (29 Statutes at Large, page 506)."

[8] The Act of March 1, 1895 (28 Stat. 693, § 8, p. 697 [Comp. St. § 4136b]), prohibited the introduction of intoxicating liquor into the Indian Territory, which included what is now the state of Oklahoma. Tulsa is therefore a place where the introduction of intoxicating liquor was prohibited by federal statute. We are not to be understood as stating or holding that Tulsa is now Indian country. Under the Act of July 23, 1892 (27 Stat. p. 260 [Comp. St. § 4136a]), as amended by the Act of January 30, 1897 (29 Stat. p. 506 [Comp. St. § 4137]), the punishment for a violation of the act was, for a first offense, imprisonment for not less than 60 days and a fine of not less than $100. Edwards v. United States (C. C. A.) 5 F.(2d) 17. The court imposed a fine of $300 and imprisonment for four months under the first count, and a $25 fine under the second.

The judgment and sentence of the court as to each count of the indictment was in accordance with the law.

Affirmed.