Frank **LAMBERT**

v.

Mary Flanagan **DUZY** and John T. Flanagan, Defendants and Third-Party Plaintiffs,

v.

Philip **PEARLMAN** and Waverly Davis, Third-Party Defendants.

Civ. A. No. 38026.

United States District Court
E. D. Pennsylvania.

July 22, 1968.

Meyer, Lasch, Hankin & Poul, Milford J. Meyer, Albert M. Hankin, Philadelphia, Pa., for Waverly Davis.

Detweiler, Sherr & Hughes, Ronald H. Sherr, Philadelphia, Pa., for Mary Flanagan Duzy.

## OPINION

KRAFT, District Judge.

In this case, we think, some explanatory foreword is essential to a proper understanding of the relationships of the parties and the mode of submission of the liability issue between remaining two parties herein.

On the morning of January 14, 1965 Waverly Davis, an employee of Philip Pearlman, was operating a truck, owned by Pearlman, in which Frank Lambert, Davis' fellow-employee, was a passenger. This truck had proceeded northwardly on Route 100 in Chester County, Pennsylvania to a point where it attempted to make a left turn across the southbound lane of Route 100, in the course of which it was involved in a collision with a southbound passenger vehicle owned by John T. Flanagan and operated by his daughter, Mary Flanagan Duzy, whose mother accompanied her as a passenger.

Lambert sued Flanagan and his daughter, who then joined Pearlman and Davis, as third-party defendants, in a claim for contribution. Pearlman and Davis interposed the defense, among others, that, as to them, Lambert's remedies were limited to those afforded by the Pennsylvania Workmen's Compensation Law. Additionally, Davis filed a counterclaim against Flanagan and his daughter for injuries claimed by Davis. Flanagan's daughter then filed a crossclaim against Pearlman and Davis for her injuries. Flanagan's wife brought a separate suit in the State Court.

At pre-trial conference the pre-trial Judge ordered trial to be had initially on the issues of liability. After the case was called for trial, but before selection of a jury, John T. Flanagan ceased to be a party by agreement and all claims of all parties, except that of Davis against Flanagan's daughter, were amicably settled. Davis' counsel, because of the pre-trial order, was prepared only to try the liability issue, to which the trial judge readily assented. Counsel then agreed, to avoid possible confusion of the jury, that Davis (counter-claimant) and Mary Flanagan Duzy (defendant in the counterclaim) should be referred to throughout the trial as plaintiff and defendant, respectively.

The case was so tried to a jury, which, in answer to special interrogatories

found that Mary Flanagan Duzy was not negligent; that Davis was negligent and that his negligence was both "a" and "the" proximate cause of his injury. Judgment was entered, accordingly, in favor of Mary Flanagan Duzy.

Davis now seeks a new trial, assigning the following reasons:

"1. The Trial Judge erred in instructing the jury that it could conclude that Frank Lambert would have testified against the counter-claimant because the said Frank Lambert was not called as a witness by him."

"2. The Trial Judge erred in interpreting the testimony in the case concerning measurements and distances."

"3. The Trial Judge erred in referring to a presumption of due care on the part of the *plaintiff*." (sic)

"4. The Trial Judge erred in directing counsel for the counter-claimant, in the presence of the jury, to elect whether to except to the charge of the Trial Judge in the presence of the jury or out of the presence of the jury."

In support of his first reason, Davis argues that Lambert, his fellow-employee who was a passenger in the truck, was equally available to Mary Flanagan Duzy, and that was error, therefore, to charge that the jury could draw an unfavorable inference from Davis' failure, without explanation, to call Lambert as a witness.

■ There was evidence that Lambert was Davis' fellow-employee and the only other occupant of the front seat of the truck. There was no evidence to show that Lambert was no longer a fellow-employee, that he had no recollection of the event or that he was unavailable. He had, in fact, been present when the case, in toto, was called for trial and, at least, until his claim was settled.

Davis, as did the appellee in Bayout v. Bayout, 373 Pa. 549, 555, 96 A.2d 876, 879 * * * "overlooks the rule that as plaintiff he had the burden of

proving * * * " defendant's negligence * * * "and failure to produce informed and competent witnesses militates most strongly against the party having the burden of proof, and that this rule is not restricted to documentary evidence within the possession of one of the parties."

"In Pennsylvania this principle of evidence is not confined to the nonproduction of documentary proof in the possession or under the control of the party, but may be applied by the jury to nonproduction, by the party having the burden of proof, of witnesses who, presumably, are best informed on the subject of investigation, especially if their relations with such party are not hostile but friendly, and their bias, if any, would be in his favor. * * * " Bayout v. Bayout, id., 555, 556, 96 A.2d 879 (1953).

The interests of Lambert were far more compatible with those of Davis than of Mary Flanagan Duzy. He knew and was a fellow-employee of the former; a stranger to the latter. He sued her. He did not, nor could he successfully have sued Davis.

"[Lambert] was antagonistic to the [defendant's] interests. For the [defendant] to invite [Lambert] to testify at will and at length would have been to place a sword in the hands of [her] adversary." Beers v. Muth, 395 Pa. 624, 627, 628, 151 A.2d 465, 466, 467 (1959).

We left entirely to the jury's discretion, the initial determination whether Lambert was a fellow employee of Davis and whether it would be natural, under the circumstances, to call him as a witness in support of Davis' contentions. We further cautioned the jury in this regard, as follows: "You will notice that you may draw an inference. It does not mean you must." We think Davis' first reason is without merit.

■■ In urging his second reason— Davis concedes that a federal trial judge has a broader right to review and comment upon the evidence than a Penn-

sylvania trial judge. He contends, however, that the trial judge assumed the role of an advocate, when he pointed out to the jury that they were not bound to accept Davis' estimates of distance "as absolute verity" of the actual distances from which Davis testified that he observed the Flanagan vehicle at various points prior to the collision. On controverted issues the jury is certainly not obliged to accept the oral testimony of an interested witness, such as plaintiff, as verity, merely because that testimony is incapable of contradiction since only he knows what he saw. The jury is entitled to weigh and evaluate his opportunity and capacity for observation and judgment of distances which involve vehicles moving in different directions at different speeds. We reminded the jury, repeatedly, that it was not to be bound by the Court's recollection of the evidence; that it was solely the jury's function to recall the testimony and to reach its own conclusions.

█ It is settled beyond question that a federal judge may comment upon the evidence "and express his opinion upon the facts", so long as he submits all matters of fact to the jury and informs them that they are not bound by his opinion. Vicksburg & Meridian Rd. Co. v. Putnam, 118 U.S. 545, 553, 7 S.Ct. 1, 2, 30 L.Ed. 257 (1886); United States v. Garber, 383 F.2d 448 (3 Cir. 1967); National Dairy Products Corp. v. United States, 350 F.2d 321, 333 (8 Cir. 1965).[1]

█ The third reason assigned challenges the propriety of the Court's affirmance and qualification of defendant's third point for charge, which reads as follows:

"3. Since Mary Flanagan has no recollection of the accident she is en-

titled to a presumption that she used due care and did all that the law required her to do and was not guilty of contributory negligence." [2]

We limited the effect of this point by instructing the jury that it did not change the case in the slightest, because Flanagan was the defendant and the plaintiff always has the burden of proving the defendant to be negligent.

No exception was taken by Davis to this portion of the charge and, therefore, it was not properly preserved for review as required by Rule 51.

In any event, we perceive no fundamental error in this regard, which would require the grant of a new trial. Recent Pennsylvania and Federal cases have restated and approved the presumption in the language set forth above. Kmetz v. Lochiatto, 421 Pa. 363, 366, 367, 219 A.2d 588 (1966); Sweigert v. Mazer, 410 Pa. 71, 75, 188 A.2d 472 (1963); Webb v. Martin, 364 F.2d 229, 230, 231[1] (3 Cir. 1966).

█ The plaintiff's fourth reason we believe to be totally devoid of merit. F.R.Civ.P. 51 requires the trial judge to afford counsel opportunity to make objections to the trial judge's instructions out of the hearing of the jury. The trial judge's inquiry was simply intended to afford that opportunity to both counsel and to ascertain their respective desires. No fair reading of Rule 51 lends support to Davis' contention that a simple inquiry by the trial judge to ascertain the wishes of counsel in this regard must itself be made out of the jury's hearing. Nolan v. Bailey, 254 F.2d 638, 640 (7th Cir., 1958).

Accordingly, we enter the following

---

1. In United States v. Philadelphia & Reading Rd. Co., 123 U.S. 113, 8 S.Ct. 77, 31 L.Ed. 138 (1887) the trial judge, who was affirmed, commented as follows:
   "In other words, while the Court does not desire to control your finding, but submits the question to you. It is of the opinion that you should not under

the circumstances find for the plaintiff."

2. Apparently this point, as drafted, was originally intended to be submitted by Flanagan in support of her contentions in the original action as third-party plaintiff and in her cross-claim.

## ORDER

Now, this 22nd day of July, 1968, it is ordered that the motion of Waverly Davis for a new trial be, and it is, denied.